710 So.2d 744 (1998)
Susan Gayle STATON, Appellant,
v.
Joseph Frank STATON, Appellee.
No. 97-01643.
District Court of Appeal of Florida, Second District.
May 22, 1998.
*745 Calvin J. Faucett, Orlando, for Appellant.
Larry G. Bryant, Ft. Meade, for Appellee.
CASANUEVA, Judge.
Susan Gayle Staton appeals the final judgment entered dissolving her marriage to her husband, Joseph Frank Staton. She contends that the final judgment, which distributed assets and denied her permanent alimony, is legally deficient because it fails to set forth factual findings as required by chapter 61, Florida Statutes (1995). We agree and reverse.
Initially, we review various facets of the equitable distribution award. The Florida legislature has mandated that when the trial court distributes the marital assets, it must provide specific written findings of fact identifying and assigning a value to marital assets, and giving a clear identification of non-marital assets. See § 61.075(3). The final judgment dated October 6, 1996 lacks these required statutory findings.
This lack of findings complicates review of the equitable distribution order in a further way. Although the trial court may distribute marital assets unequally, the trial court is required to justify such an award based on "all relevant factors," nine of which are specifically enumerated in section 61.075(1). Here, the wife received an unequal portion of the asset distribution. The final judgment fails to set forth the findings necessary to support the unequal award. In the absence of such findings, which serve to advise the reviewing court of the trial court's rationale, see section 61.075(3)(d), we are unable to determine why the wife, who started the current businesses with inherited monies, received less than the husband, and whether this was equitable.
The final equitable distribution issue pertains to the time between November 8, 1994, and March 11, 1995, when a temporary restraining order prohibited the wife from coming on the premises of either business because the husband had, at that time, the exclusive right to operate and manage each store. On remand, the wife is entitled to pursue an accounting of the proceeds of each store during the period of exclusive operation by the husband.
The final issue is the denial of permanent alimony for the wife. In paragraph four of the final judgment that dissolved this thirty-one year marriage, the wife was awarded rehabilitative alimony. This paragraph was superseded by a subsequent order of the court that effectively removed an award of alimony of any type. In a long term marriage such as this one, there is an initial presumption that permanent alimony is proper. Compare Burrill v. Burrill, 701 So.2d 354 (Fla. 1st DCA 1997) (no such presumption arises for sixteen year marriage which is in grey area). A trial court is required to include findings of fact relative to the factors to consider in awarding or denying alimony. See § 61.08(1) and (2). These statutorily required findings of fact to support the trial court's denial of alimony are *746 not set forth in either the final judgment or in the order on motion for rehearing. The failure to do so is error. See Thompson v. Thompson, 658 So.2d 1214 (Fla. 1st DCA 1995); Chapoteau v. Chapoteau, 659 So.2d 1381 (Fla. 3rd DCA 1995).
We reverse the final judgment and remand for the trial court to make the appropriate statutory findings.
THREADGILL, A.C.J., and PATTERSON, J. concur.