718 So.2d 343 (1998)
Vincent J. MILO, Appellant/Cross-Appellee,
v.
Roberta MILO, Appellee/Cross-Appellant.
No. 97-02698.
District Court of Appeal of Florida, Second District.
September 25, 1998.
*344 Gary Shader, Maitland, for Appellant/Cross-Appellee.
Andrew J. Rodnite, Jr. of Park, Bugg, Rodnite, Ossian and Zdravko, P.A., Clearwater, for Appellee/Cross-Appellant.
THREADGILL, Acting Chief Judge.
Vincent J. Milo, the former husband, and Roberta Milo, the former wife, appeal a final judgment of dissolution of marriage. We reverse in part and affirm in part.
In the trial court, the husband and the wife entered into a mediated settlement agreement, which resolved the distribution of their assets and liabilities. Thus, the trial court was asked to determine the issues of alimony and attorney's fees. After a final hearing, the trial court ordered the husband to pay to the wife $2,000 per month in permanent periodic alimony. It also required him to maintain a life insurance policy, if reasonably available, with a benefit of $250,000 to secure his alimony obligation. The trial court denied the wife's request for attorney's fees, finding that although the husband has superior income, it is insufficient to pay attorney's fees when adjusted for alimony and other obligations. The husband appeals the final judgment of dissolution of marriage, raising numerous issues. The wife cross-appeals the denial of attorney's fees and the "reasonably available" condition of the life insurance provision.
In his first issue, the husband claims the trial court failed to make findings of fact required by section 61.08(1), Florida Statutes (1995), to support the award of alimony. The statute requires the trial court to include findings of fact relative to the following factors: standard of living; duration of marriage; age and physical and emotional condition of each party; financial resources of parties, and assets and liabilities distributed to each; each party's contribution to the marriage; all sources of income of either party; and any other factor necessary to do equity and justice between the parties. § 61.08(2), Fla. Stat. (1995). It is error for a trial court to fail to set forth the statutorily required findings of fact in the final judgment. See Staton v. Staton, 710 So.2d 744 (Fla. 2d DCA 1998). The trial court did not make such findings in this case.
Relying on Brock v. Brock, 682 So.2d 682 (Fla. 5th DCA 1996), the wife suggests that any error in the trial court's failure to make findings was harmless. The purpose *345 for requiring findings of fact in a final judgment of dissolution is to assist the appellate court in providing a meaningful review. See Killius v. Killius, 701 So.2d 1245 (Fla. 5th DCA 1997) (Thompson, J., concurring). The failure to make such findings forces an appellate court to make findings of fact that should have been made by the trial court. See id. at 1248.
In this case, the record contains complicated, conflicting evidence regarding the parties' sources of income and standard of living. For example, the wife testified that, in addition to his salary, the husband receives expense reimbursements of approximately $7,000 per year, over and above his actual expenses. The husband, however, testified that his monthly automobile expenses exceed his monthly reimbursements by an average of $700. Similarly, the wife presented an exhibit which indicates that the husband receives additional income averaging $1,324 per month from investment stock options provided to him by his employer. The husband, however, testified that he could realize income from the options only if he purchased the stock, which he could not afford to do. Further, the wife testified that the parties lived beyond their meanswith extra expenses such as a gardener, a decorator, and high automobile expenseswhich required them to invade their assets at a rate of approximately $2,500 per month. The husband, however, testified that the parties did not have a lavish or extravagant lifestyle or engage in behavior outside of common, middle-class behavior. There was also extensive conflicting testimony as to the amount and nature of income the wife had received in the past, and could expect to receive in the future, from her parents and their business interests. Given these discrepancies, and without the critical findings of fact by the trial court, we cannot discern the trial court's determination as to the wife's needs and the husband's ability to provide for those needs. See Jacques v. Jacques, 609 So.2d 74 (Fla. 1st DCA 1992). We therefore remand this cause to the trial court to set forth findings of fact to support its alimony decision, as required by section 61.08(1). In light of this disposition, we need not determine whether the alimony award was excessive or whether the trial court failed to consider all sources of income to the former wife, which the husband also alleges as error.
The husband also claims the trial court erred in requiring him to secure his alimony obligation by maintaining life insurance in the amount of $250,000, if reasonably available, because there is no evidence in the record regarding the cost of that insurance. A court may order a party who is ordered to pay alimony to maintain a life insurance policy to the extent necessary to protect an award of alimony. § 61.08(3), Fla. Stat. (1995). Here, the record indicates that the husband has a whole life policy and a term policy through his employment with a face value of $100,000. There is no evidence, however, as to the cost of the insurance and the husband's ability to pay for it. In imposing such a requirement, the trial court should consider its financial impact on the payor. See Kremer v. Kremer, 595 So.2d 214 (Fla. 2d DCA 1992); Hicks v. Hicks, 654 So.2d 654 (Fla. 5th DCA 1995). Thus, the trial court should reconsider this requirement on remand.
With regard to the wife's cross-appeal, we find no abuse of discretion in the trial court's denial of her request for attorney's fees. If, however, the trial court adjusts the alimony award on remand, it may, if it deems necessary, reconsider the wife's motion for attorney's fees at that time.
We have considered the remaining issues presented by both parties and find them to be without merit. Accordingly, we affirm the final judgment in all other respects.
Affirmed in part; reversed in part and remanded.
PATTERSON and WHATLEY, JJ., concur.