845 So.2d 257 (2003)
Ana E. SCHOMBURG, Appellant,
v.
Andreas H.W. SCHOMBURG, Appellee.
No. 2D02-3473.
District Court of Appeal of Florida, Second District.
May 7, 2003.
Garry Pierrot of the Law Offices of Frederick C. Kramer, Marco Island, for Appellant.
*258 No appearance for Appellee.
CASANUEVA, Judge.
Ana E. Schomburg appeals the final judgment dissolving her marriage to Andreas H.W. Schomburg. She contends the trial court erred by making an unequal distribution of marital assets, by splitting the primary residential custody of the two minor children between the parents, by failing to make a child support determination, by failing to award her alimony or explain why she was not entitled to any, and by failing to award her attorney's fees and costs. We affirm the equitable distribution scheme and residential custody award, finding no abuse of discretion. However, because the final judgment fails to address the issues of alimony and general attorney's fees and costs,[1] we reverse and direct the court to make those determinations.
The parties were married on June 3, 1977. Mrs. Schomburg petitioned for dissolution of marriage in July 2001, and Mr. Schomburg counterpetitioned shortly thereafter. At the time of the filings the parties had been married twenty-four years. Because of the long term of the marriage, there is an initial presumption that permanent alimony is proper. Additionally, the trial court is required to support its alimony decisions with factual findings. § 61.08(1), Fla. Stat. (2001); Milo v. Milo, 718 So.2d 343 (Fla. 2d DCA 1998) (holding that purpose for requiring findings of fact to support an alimony award is to assist appellate court in providing meaningful review); Perrin v. Perrin, 795 So.2d 1023 (Fla. 2d DCA 2001) (same). This is especially necessary in the current case to overcome the presumption in favor of alimony that arose from the long term of the marriage. Because the final judgment contains no mention of the alimony issue, we remand for further proceedings. Staton v. Staton, 710 So.2d 744, 745-46 (Fla. 2d DCA 1998).
The final judgment also did not address Mrs. Schomburg's claim for attorney's fees. We therefore remand with instructions that the trial court resolve this issue. Perrin, 795 So.2d at 1024 (holding that a trial court cannot decide the issue of attorney's fees without findings as to one spouse's ability to pay and the other's need).
The final judgment reserved jurisdiction to decide child support. Because we must remand on the alimony and attorney's fees issues, in the interest of judicial economy this issue should likewise be resolved on remand with appropriate findings in the final order to facilitate complete appellate review.
Affirmed in part, reversed in part, and remanded with instructions.
ALTENBERND, C.J., and FULMER, J., Concur.
NOTES
[1] The trial court reserved ruling on attorney's fees and costs related to an exchange of property the parties had been ordered to do but omitted any mention of fees and costs for the dissolution proceeding itself.