SALCINES, Judge.
DeWayne McQuaid (the Former Husband) appeals a final judgment dissolving his marriage to Marcela Lynn McQuaid (the Former Wife). We affirm in part, and reverse and remand in part.
The Former Husband challenges the trial court’s determinations that certain property was the Former Wife’s nonmarital property and that certain debts were marital liabilities. He also challenges the trial court’s award of lump sum alimony to the Former Wife. The factual findings made by the trial court support its designation of the disputed assets and liabilities; thus, we affirm the final judgment in that regard.
The trial court, however, failed to explain its rationale for awarding lump sum alimony to the Former Wife. It appears that the trial court most likely utilized that award as part of the equitable distribution, but based upon the record before this court, we cannot determine whether that was the trial court’s intent and whether the award was proper. As correctly argued by the Former Husband, the final judgment fails to set forth the necessary findings supporting the award of lump sum alimony or the amount of that award. See
*435 § 61.075(3)(d), Fla. Stat. (2001); see also Staton v. Staton, 710 So.2d 744 (Fla. 2d DCA 1998).
Accordingly, because the final judgment is facially insufficient in regard to the trial court’s award of lump sum alimony, we reverse and remand this matter to the trial court to make the requisite findings. In the event the trial court is unable to recall the facts proven at trial, it may, in its discretion, take additional testimony as necessary in order to support its findings.
Reversed and remanded for further proceedings consistent herewith.
COVINGTON and VILLANTI, JJ., concur.