873 So.2d 558 (2004)
Salvatore A. ITALIANO, Appellant/Cross-Appellee,
v.
Patricia M. ITALIANO, Appellee/Cross-Appellant.
No. 2D03-894.
District Court of Appeal of Florida, Second District.
May 21, 2004.
*559 David A. Maney of Maney, Damsker, Jones & Kuhlman, P.A., Tampa, and Lorena L. Kiely, Plant City, for Appellant/Cross-Appellee.
Ronald J. Russo, Tampa, for Appellee/Cross-Appellant.
PER CURIAM.
Salvatore Italiano (the Husband) appeals the final judgment dissolving his marriage to Patricia Italiano (the Wife) and raises two issues. The Wife cross-appeals and raises three issues. We affirm the trial court's marital or nonmarital classification of various payments the Husband received from his family businesses and the trial court's classification of the appreciation of those businesses during the marriage. We also affirm the trial court's decision concerning the alleged commingling of certain marital and nonmarital funds. However, we reverse the award of nominal permanent alimony to the Wife and the distribution of certain marital debts and remand for further proceedings on these issues.

NOMINAL PERMANENT ALIMONY
The parties married in August 1985. At that time, and during the entire course of the marriage, the Husband was chief executive officer and chief operating *560 officer of Anthony Distributing Company and Anthony Distributors, Inc., both of which held certain beer distributorship rights in the Central Florida area. By agreement of the parties, the Wife did not work outside the home during the marriage.
During the dissolution proceedings, the parties stipulated that the Wife was entitled to permanent alimony based on the length of the marriage, the parties' standard of living, and the parties' relative earning potential. However, at trial, the Husband argued that the Wife should not be awarded permanent alimony because she could fully meet her needs as established during the marriage from the significant income-producing assets awarded to her in the equitable distribution scheme. The Wife agreed that she could currently meet her needs from such assets; however, she contended that she should be awarded nominal permanent alimony in case her needs changed in the future. The trial court agreed with the Wife and awarded her nominal permanent alimony of $233 per month. This was error because of the unusual circumstances of this case.
The two primary considerations when determining whether to award permanent alimony are the need of one spouse for alimony and the ability of the other spouse to pay. O'Connor v. O'Connor, 782 So.2d 502, 503 (Fla. 2d DCA 2001). This is true even when the parties stipulate that permanent alimony is generally appropriate. Id.; McCarty v. McCarty, 710 So.2d 713 (Fla. 1st DCA 1998). The determination of whether there is need and ability to pay is made at the time of the final hearing, and the trial court may not speculate on what might happen in the future. See McLean v. McLean, 652 So.2d 1178, 1180 (Fla. 2d DCA 1995); Hollinger v. Hollinger, 684 So.2d 286, 288 (Fla. 3d DCA 1996) ("Alimony awards should be based on current existing circumstances and not on possibilities likely but not yet realized.") (quoting Winn v. Winn, 669 So.2d 1155, 1157 (Fla. 5th DCA 1996)).
In this case, the trial court specifically found that the Wife had no current need for alimony because her needs could be completely met from her income-producing assets. Despite this finding, the trial court awarded nominal permanent alimony based on its concern that the Wife's needs might change in the future. This is an improper basis for an award of permanent alimony. Once the trial court found that the Wife's current needs could be fully satisfied from her own assets, it was not permitted to speculate about "possibilities likely but not yet realized." Accordingly, we reverse the award of nominal permanent alimony.

IDENTIFICATION OF MARITAL DEBTS
During the marriage, the Husband formed Multoplex, Inc., to purchase certain parcels of real property in downtown Tampa near the St. Pete Times Forum. While the Husband was the sole shareholder of Multoplex, the trial court found that Multoplex was a marital asset, primarily because it was formed during the marriage. Based on this finding, the trial court equally divided the Multoplex stock between the Husband and the Wife. The Husband also presented evidence that he had personally guaranteed various debts of Multoplex. Because the trial court had found that Multoplex was a marital asset, it also found that the Multoplex debts were marital liabilities and it equally divided them between the parties as well:
As a matter of law then, any personal debt[s] that [were] incurred in the overall project [were] also marital obligations. To the extent the Husband is *561 personally obligated on any debts associated with the Multoplex stock or properties or to the extent the Husband personally guaranteed any such debt, those are marital liabilities. Due to the difficulty in valuing the Multoplex stock, the Court hereby awards one-half of that stock to each party. The Court also awards one-half of any debts on which the Husband is personally obligated which are associated with the Multoplex stock or properties and one-half of any debts which were personally guaranteed by the Husband associated with the Multoplex stock or properties to each party.
The final judgment does not specifically identify any of the debts associated with the Multoplex stock and on which the Husband is personally obligated. Rather, the final judgment simply makes each party responsible for half of these unidentified debts. The Wife contends that the trial court erred by distributing the debts associated with Multoplex without specifically identifying those debts.
We agree. Section 61.075(3), Florida Statutes (2002), requires the trial court to make specific written findings identifying marital liabilities and which spouse shall be responsible for them. It is reversible error for a trial court to simply indicate that marital liabilities are to be equally divided without identifying each specific liability and without identifying which spouse is responsible for each. Green v. Green, 681 So.2d 769, 770 (Fla. 2d DCA 1996); Allen v. Allen, 857 So.2d 360, 360 (Fla. 5th DCA 2003).
Here, the final judgment makes each party responsible for one half of "any debts on which the Husband is personally obligated which are associated with the Multoplex stock or properties and half of any debts which were personally guaranteed by the Husband associated with the Multoplex stock or properties." Not only does the final judgment not identify these debts, it does not even specifically limit its ruling to those debts incurred during the marriage. Thus, this portion of the final judgment fails to comport with the requirements of section 61.075(3).
On remand, the trial court should conduct further proceedings to specifically identify the Multoplex debts that the Husband personally guaranteed during the marriage and then identify which party is responsible for each debt. Because the distribution of these debts may alter the total value of the income-producing assets awarded to the Wife, the trial court may need to reconsider the permanent alimony award in light of the revised equitable distribution scheme. In all other respects the final judgment is affirmed.
Affirmed in part, reversed in part, and remanded for further proceedings.
WALLACE, J., and THREADGILL, EDWARD F., Senior Judge, Concur.
ALTENBERND, C.J., Concurs specially.
ALTENBERND, Chief Judge, Concurring.

I fully concur in the majority's opinion. This was a very complicated divorce proceeding, which was made more complicated by the fact that the premarital agreement was not enforceable. I write primarily to note that alimony in the amount of $233 per month would not normally be treated as "nominal" permanent alimony. Both parties to this proceeding, however, describe the award as nominal and it is a small fraction of the amount necessary to maintain the Wife's established lifestyle. The primary problem that remains in this case concerns the valuation of Multoplex, Inc., and the related liabilities. It is impossible to *562 know whether the Wife has been fairly treated or needs permanent alimony until these assets and liabilities have been established.