923 So.2d 606 (2006)
Janice B. WILLIAMS, Appellant,
v.
James O. WILLIAMS, Appellee.
No. 2D04-5485.
District Court of Appeal of Florida, Second District.
March 24, 2006.
*607 Mark A. Sessums of Frost Tamayo Sessums & Aranda, P.A., Bartow, for Appellant.
T.W. Weeks, III, of Law Office of Ted W. Weeks, III, P.A., Lakeland, for Appellee.
KELLY, Judge.
Janice B. Williams, the former wife, appeals from the final judgment dissolving her marriage to James O. Williams, the former husband. She contends that the trial court abused its discretion by failing to award her alimony and by failing to award her attorney's fees and costs. She also challenges the adequacy of the trial court's findings in the final judgment. Because the final judgment does not include findings that are adequate to permit us to review either the denial of alimony or the denial of attorney's fees and costs, we reverse.
A trial court must support its alimony decision by including findings of fact in the final judgment. § 61.08(1), Fla. Stat. (2003); Schomburg v. Schomburg, 845 So.2d 257, 258 (Fla. 2d DCA 2003). The requirement that the final judgment contain specific findings of fact is to facilitate meaningful appellate review of the trial court's award or denial of alimony. Milo v. Milo, 718 So.2d 343, 344 (Fla. 2d DCA 1998); Brooks v. Brooks, 678 So.2d 1368, 1370 (Fla. 1st DCA 1996). In this case, the parties' marriage falls in the upper range of "gray area" marriages where *608 there is no presumption for or against an award of alimony. See Walker v. Walker, 818 So.2d 711, 713 (Fla. 2d DCA 2002); Nichols v. Nichols, 907 So.2d 620, 622 (Fla. 4th DCA 2005); Levy v. Levy, 862 So.2d 48, 51 (Fla. 3d DCA 2003). The requirement of factual findings is especially important in this type of case because the trial court must make its determination based on an evaluation of the statutory criteria and other pertinent factors without the benefit of a presumption for or against alimony. See Gregoire v. Gregoire, 615 So.2d 694, 694 (Fla. 2d DCA 1992); see also Krafchuk v. Krafchuk, 804 So.2d 376, 381 (Fla. 4th DCA 2001).
The final judgment here does not include findings regarding the standard of living during the marriage, the physical and emotional condition of parties, the parties' income and the sources of income available to them, or whether they have any other financial resources. § 61.08(2). Although the record indicates that the former wife was specifically questioned about her claim for alimony at the dissolution hearing, the final judgment makes no reference to alimony. The failure to make the required findings may constitute harmless error when our review is not hampered by their absence; however, this is not such a case. See Klette v. Klette, 785 So.2d 562, 563 (Fla. 1st DCA 2001) (concluding that the failure to make findings pursuant to section 61.08(1) is subject to a harmless error analysis); Milo, 718 So.2d at 344-45 (concluding that the trial court's failure to make findings pursuant to section 61.08(1) was not harmless where the record contained "complicated, conflicting evidence" regarding the parties' sources of income and standard of living and the appellate court could not discern the basis for the trial court's award); Vaughn v. Vaughn, 714 So.2d 632, 633-34 (Fla. 1st DCA 1998) (finding that the trial court's failure to make the specific findings required to support an uneven distribution of marital assets was harmless where the reason for the trial court's distribution was apparent from the record).
Without the required findings, we cannot determine why the trial court did not award alimony to the former wife or whether that decision was a proper exercise of the court's discretion. For that matter, because alimony is not mentioned in the final judgment, we cannot be certain that its omission was not simply an oversight rather than a denial. We therefore reverse and remand for the trial court to enter a final judgment that addresses the former wife's claim for alimony and that contains findings of fact supporting that determination. See Levy v. Levy, 900 So.2d 737, 744-45 (Fla. 2d DCA 2005).
We also reverse that portion of the trial court's order that holds each party responsible for their own fees and costs. "In determining an award of attorney's fees, a trial court must consider the parties' relative financial positions, considering all circumstances and resources." Knoff v. Knoff, 751 So.2d 167, 170 (Fla. 2d DCA 2000); see also Perrin v. Perrin, 795 So.2d 1023, 1024 (Fla. 2d DCA 2001) (holding that a trial court cannot determine the issue of attorney's fees without findings regarding one spouse's ability to pay and the other spouse's need). As was the case with the award of alimony, the absence of factual findings makes it impossible for us to review the propriety of the trial court's decision. On remand, the trial court shall revisit the issue of attorney's fees and costs after it has addressed the issue of alimony.
Reversed and remanded for further proceedings.
STRINGER and CANADY, JJ., Concur.