976 So.2d 104 (2008)
Brent R. PARKER, Appellant,
v.
Robin H. PARKER, Appellee.
No. 2D06-2818.
District Court of Appeal of Florida, Second District.
February 29, 2008.
Ann T. Frank, Naples, for Appellant.
Antonio J. Perez-Benitoa, Naples, for Appellee.
DANAHY, PAUL W., Senior Judge.
We have for review the final judgment dissolving the marriage of Robin and Brent Parker. In his appeal Mr. Parker argues that the trial court erred in its distribution of the parties' marital assets and in its award of alimony to Mrs. Parker. He also argues that the court erred in denying several motions he presented and argued at trial. We affirm the court's denial of each motion without further comment, and also affirm the judgment of dissolution of the parties' marriage. We do, however, reverse the court's scheme of distribution of assets and its award of alimony.

EQUITABLE DISTRIBUTION
Section 61.075, Florida Statutes (2005), governs the equitable distribution of marital assets and liabilities. Subsection (1) requires the trial court to "begin with the premise that the distribution should be equal." Moreover, "[t]he final *105 distribution of marital assets, whether equal or unequal, must be supported by factual findings based on substantial competent evidence." § 61.075(3); Guida v. Guida, 870 So.2d 222, 224 (Fla. 2d DCA 2004).
In the case before us, the final judgment included an "equitable distribution summary sheet" which identified $1,257,509.79 in total net marital assets and awarded $751,925 to Mrs. Parker and $743,028 to Mr. Parker. Most of the marital assets consist of real estate. Of these, $661,500 is allocated to Mr. Parker and $736,500 to Mrs. Parker. One of the properties listed by the trial court is a "Bonita Duplex" awarded to Mr. Parker. The court valued that asset at $400,000. The problem here is that neither party identified a "Bonita Duplex" in their financial statements or testimony. Mr. Parker listed a Bonita Shores "lot" valued at $150,000 and Mrs. Parker listed a Bonita Shores duplex of "unknown" value. Nor did either party list any property with a value of $400,000. Thus, the trial court's finding of a "Bonita Duplex" with a value of $400,000 is not supported by competent, substantial evidence. Were this the only error it would require us to reverse because it is a substantial portion of the total. There are other errors. Mrs. Parker testified that the "boat condo" listed on the court's summary sheet is worth $65,000. Mr. Parker, on the other hand, testified that its value was $14,000. The trial court valued the boat condo at $45,000. There is no indication in the record how the trial court arrived at its valuation. Additionally, Mr. Parker testified that his father owed him $190,000. The judgment omits any mention of this debt owed to Mr. Parker, or any reason for its omission. Because of these errors by the trial court in its distribution of assets the judgment is not supported by competent, substantial evidence. Accordingly, it must be reversed. Prest v. Tracy, 749 So.2d 538, 539 (Fla. 2d DCA 2000).

ALIMONY
"The trial court's award of alimony is subject to an abuse of discretion standard of review . . . and where the record does not contain substantial, competent evidence to support the trial court's findings regarding the amount of alimony awarded, the appellate court will reverse the award." Farley v. Farley, 858 So.2d 1170, 1172 (Fla. 2d DCA 2003).
This is the evidence the court considered: In her second amended financial affidavit Mrs. Parker listed her net monthly income as $1781.25. In his amended financial affidavit Mr. Parker listed net monthly income as $1918.65. Mr. Parker testified that he has no regular salary and that his income was from his business and some rental income. The trial court accepted Mrs. Parker's statement of her income but found that Mr. Parker had a net monthly income of $5500. The evidentiary basis for the trial court's finding of net income by Mr. Parker is absent from the record.
Based on its net income findings, the trial court ordered Mr. Parker to pay Mrs. Parker $1500 monthly permanent alimony. The trial court calculated that Mrs. Parker would then have a net monthly income of $3052.25. We note that this conclusion is mathematically incorrect  $1781.25 plus $1500 equals $3281.25, a difference of $229. Thus, because the trial court's award of alimony is not supported by competent, substantial evidence we reverse the award.

CONCLUSION
The trial court's scheme of equitable distribution and its award of alimony are not supported by competent, substantial evidence. Accordingly, we reverse and remand *106 for a new trial on those issues. Because our reversal will affect other financial aspects of the judgment, the court may reconsider the awards of child support and attorney fees. See Branch v. Branch, 775 So.2d 406, 408 (Fla. 1st DCA 2000). In all other respects, the judgment is affirmed.
Affirmed in part, reversed in part, and remanded.
SALCINES and SILBERMAN, JJ., concur.