SILBERMAN, Judge.
 

 Valerie K. Austin (the Wife) appeals a final judgment of dissolution of marriage and challenges provisions regarding equitable distribution, alimony, and attorney’s fees. Andrew L. Austin (the Husband) cross-appeals and also challenges the equitable distribution scheme and alimony award. We affirm the dissolution of the parties’ marriage but reverse and remand for a new trial on the issues of equitable distribution, alimony, and attorney’s fees.
 

 The parties had a long-term marriage of thirty-eight years when the Wife filed the petition for dissolution on April 19, 2005. The parties were retired when the Husband moved out of the marital home. The Husband retired on full disability in 1992, and the Wife retired from substitute teaching in 1998. The monthly marital income was approximately $5300. After leaving the marital home, the Husband rerouted all the parties’ monthly income to an individual bank account in Maryland, except for $800 in trust income that was solely in the Wife’s name. He also withdrew $8600 from the parties’ joint checking account, leaving a balance of $700. The Wife was left with marital monthly bills totaling $5300. The Wife obtained employment as a teacher after the Husband left. At the time of trial in 2007, the Husband was sixty-two years old and the Wife was sixty-three years old.
 

 With respect to equitable distribution, the trial court is required to identify and value the significant marital assets and designate which spouse is entitled to each asset; similarly, the trial court is required to identify the marital liabilities and designate which spouse is responsible for each liability. § 61.075(3), Fla. Stat. (2004). Here, the trial court failed to make specific written findings identifying the marital liabilities. Rather, the court ordered that all marital liabilities, including a deficiency judgment, “shall be distributed equally unless otherwise stated.” This court has recognized that “[i]t is reversible error for a trial court to simply indicate that marital liabilities are to be equally divided without identifying each specific liability and without identifying which spouse is responsible for each.”
 
 Italiano v. Italiano,
 
 873 So.2d 558, 561 (Fla. 2d DCA 2004).
 

 With respect to marital assets, the Husband challenges the valuation of his IRA, the parties’ largest asset. The Husband correctly contends that the trial court erred in failing to consider the tax consequences when he presented testimony by a CPA of the IRA’s value and the amount of taxes the Husband would have to pay on his IRA.
 
 See Kadanec v. Kadanec,
 
 765 So.2d 884, 886 (Fla. 2d DCA 2000);
 
 Werner v. Werner,
 
 587 So.2d 473, 474 (Fla. 3d DCA 1991). In addition, in valuing other assets, such as the parties’ RV lot and jewelry, the trial court stated that the evidence was conflicting and found values for those assets without explaining how it reached those values. The record does not fully clarify the basis for the trial court’s findings, and without findings to explain how the trial court reached a particular value in the face of conflicting evidence, appellate review is hampered.
 

 We also note the Wife’s contention that the trial court erred in awarding assets to her that had been depleted during the dissolution proceedings. When a spouse depletes marital assets during the pendency of dissolution proceedings to pay for support, living expenses and litigation
 
 *317
 
 expenses, it is error to include the assets in the equitable distribution scheme in the absence of misconduct.
 
 See Plichta v. Plichta,
 
 899 So.2d 1283, 1286 (Fla. 2d DCA 2005). The trial court specifically found that the Wife depleted her IRA for support and marital expenses. The Wife also contends that she depleted her trust account and Citibank account to pay the parties’ creditors during the separation. The trial court found “that there was no misconduct on the part of either party, although both parties have acted inappropriately.” On remand, in fashioning the equitable distribution, the trial court cannot award assets that were depleted during the dissolution proceedings that were expended for support and marital expenses if the parties engaged in no misconduct.
 

 The parties also agree that the trial court erred in its calculation of the equalization payment. The value of assets the court awarded to the Wife was $16,799 more than the value of assets awarded to the Husband. Rather than award half of that difference to the Husband, the court awarded the full $16,799 to the Husband as an equalization payment, using it to reduce the amount of past alimony due from the Husband. Because we are reversing the equitable distribution scheme, the court will have to recalculate any equalization payment that may be necessary on remand.
 

 With respect to alimony, the Wife sought $1200 per month in permanent, periodic alimony to supplement her earnings as a teacher. The trial court awarded to the Wife permanent, periodic alimony of $800 per month until retirement and $1000 per month after retirement. The trial court also awarded $800 per month of “back alimony” for the twenty-five months prior to the final hearing. Although the parties disagree on whether the trial court should have awarded alimony, they agree that the trial court failed to make the necessary factual findings to support the award it made. In his motion for rehearing, which the trial court denied, the Husband brought the lack of factual findings to the trial court’s attention.
 

 In this long-term marriage of thirty-eight years, there is an initial presumption in favor of an award of permanent alimony.
 
 See Schlagel v. Schlagel,
 
 973 So.2d 672, 676 (Fla. 2d DCA 2008) (marriage of over twenty-one years);
 
 Schomburg v. Schomburg,
 
 845 So.2d 257, 258 (Fla. 2d DCA 2003) (marriage of twenty-four years). To support its alimony determination, the trial court must include specific findings of fact in the final judgment. § 61.08(1), Fla. Stat. (2004);
 
 Williams v. Williams,
 
 923 So.2d 606, 607 (Fla. 2d DCA 2006);
 
 Schomburg,
 
 845 So.2d at 258. Although the final judgment contains some findings concerning the factors listed in section 61.08(2)(a)-(g), the trial court failed to make specific findings concerning the financial resources and income available to each party.
 
 See
 
 § 61.08(2)(d), (g). The financial needs of one spouse and the ability of the other spouse to pay are the primary factors for the trial court to consider in determining whether to award permanent alimony.
 
 Schlagel,
 
 973 So.2d at 676;
 
 Italiano,
 
 873 So.2d at 560.
 

 The trial court made a general finding that “the Husband receives more income, as indicated on Financial Affidavits, than the Wife who has recently worked as a school teacher since separation.” The trial court made no specific findings regarding either party’s income or expenses.
 
 [1]
 
 Moreover, the trial court made
 
 *318
 
 no findings of how it reached the figure of $1000 per month as the monthly award after the Wife’s retirement. We note that the Wife testified at the final hearing that her teaching contract had not been renewed and that she was looking for new employment. However, “[t]he determination of whether there is need and ability to pay is made at the time of the final hearing, and the trial court may not speculate on what might happen in the future.”
 
 Ita-liano,
 
 873 So.2d at 560. Although the trial court sought to account for the Wife’s anticipated loss of earnings, it is unclear how the trial court arrived at the $1000 figure. The parties also dispute the Husband’s monthly net income, particularly the income the Husband receives from his IRA. Also, the Husband testified regarding an anticipated future decrease in income based on disability insurance payments ceasing at age sixty-five. In this case, the lack of adequate findings hampers meaningful appellate review.
 
 See Williams,
 
 923 So.2d at 608;
 
 Obrenski v. Obrenski,
 
 817 So.2d 877, 878 (Fla. 2d DCA 2002);
 
 Farley v. Farley,
 
 800 So.2d 710, 711-12 (Fla. 2d DCA 2001);
 
 Milo v. Milo,
 
 718 So.2d 343, 344-45 (Fla. 2d DCA 1998).
 

 With respect to attorney’s fees, our reversal of the equitable distribution scheme and alimony award will require that the trial court reconsider attorney’s fees on remand.
 

 We are reluctant to order a new trial but determine, under the circumstances, that it is necessary. Both parties presented some testimony as to anticipated occurrences which may or may not have developed. Due to the number of errors, the passage of time, the retirement of the trial judge, and other circumstances, including bankruptcy proceedings, we reverse for a new trial on the equitable distribution, alimony, and attorney’s fees.
 
 [2]
 

 See Parker v. Parker,
 
 976 So.2d 104, 105-06 (Fla. 2d DCA 2008);
 
 McGoldrick v. McGoldrick,
 
 940 So.2d 1275, 1277 (Fla. 2d DCA 2006);
 
 Prest v. Tracy,
 
 749 So.2d 538, 539-40 (Fla. 2d DCA 2000). Thus, we affirm the dissolution of the marriage but otherwise reverse the final judgment and remand for a new trial.
 

 Affirmed in part, reversed in part, and remanded.
 

 CASANUEVA and LaROSE, JJ., concur.
 

 [1]
 

 . Although the judgment references the financial affidavits, we note that the Wife filed her
 
 *318
 
 financial affidavit and amended financial affidavit with the clerk but did not introduce them into evidence or submit them as exhibits at trial. The Wife testified that the monthly expenses of $5000 did not change after the Husband left except for food. The Husband also testified that the monthly marital income was $5325 and that there was no money left over at the end of the month.
 

 [2]
 

 . Of course, if the parties are able to stipulate to certain issues, such as the values of assets and liabilities and the parties’ incomes and expenses, they may be able to avoid at least some of the litigation costs that will be involved in a new trial.