CASANUEVA, Chief Judge.
 

 Kyle Furbee appeals a final judgment dissolving his fourteen-year marriage to Melinda Barrow, who cross-appeals. Mr. Furbee raises six issues, and Ms. Barrow raises two. Although the trial court made a few general findings, many of the issues raised result from the trial court’s failure to make detailed findings of fact determining marital and nonmarital assets and liabilities. Appellate review is hampered by the trial court’s failure to make such detailed findings of assets and liabilities (both marital and nonmarital), distribution of them to each party, and a determination of an ability to pay alimony. For this reason, we must reverse part of the final judgment of dissolution. We affirm that portion of the final judgment that dissolved the marriage, that awarded temporary support retroactively and held Mr. Furbee in contempt for failing to pay temporary support, that incorporated a marriage settlement agreement dealing only with time sharing arrangements and child support, that found Ms. Barrow entitled to permanent periodic alimony, and that changed the minor daughter’s name. We reverse all remaining portions of the final judgment relative to equitable distribution and remand for a new trial. Our holding necessitates re-evaluation of the amount of alimony and attorney’s fee determinations on remand.
 

 The trial court must begin with the statutory requirement of section 61.075(8), Florida Statutes (2007), that the assets and liabilities of the parties be classified as marital or nonmarital.
 

 The distribution of all marital assets and marital liabilities, whether equal or unequal, shall include specific written findings of fact as to the following:
 

 (a) Clear identification of nonmarital assets and ownership interests;
 

 (b) Identification of marital assets, including the individual valuation of significant assets, and designation of which spouse shall be entitled to each asset;
 

 (c) Identification of the marital liabilities and designation of which spouse shall be responsible for each liability;
 

 (d) Any other findings necessary to advise the parties or the reviewing court of the trial court’s rationale for the distribution of marital assets and allocation of liabilities.
 

 In order to do this, the trial court must determine “[t]he cut-off date for determining assets and liabilities to be identified or classified as marital assets and liabilities. ...” § 61.075(6). This cut-off date “is the earliest of the date the parties enter into a valid separation agreement, such other date as may be expressly established by such agreement, or the date of the filing of a petition for dissolution of marriage.”
 
 Id.
 
 Because the parties here did not enter into a separation agreement, the cut-off date for determining marital assets or liabilities is the date the petition for dissolution of marriage was filed — in this case, September 26, 2007.
 

 
 *24
 
 Previously, we have observed that “[t]his lack of findings complicates review” of an equitable distribution order.
 
 Staton v. Staton,
 
 710 So.2d 744, 745 (Fla. 2d DCA 1998). In
 
 Staton,
 
 this court concluded that the final judgment of dissolution of marriage was legally deficient because the trial court failed to set forth the necessary factual findings. The requirement to make detailed factual findings has not changed; thus, as in
 
 Staton,
 
 reversal is mandated. We recently found a similar error in
 
 Austin v. Austin,
 
 12 So.3d 314, 316 (Fla. 2d DCA 2009), where this court noted:
 

 With respect to equitable distribution, the trial court is required to identify and value the significant marital assets and designate which spouse is entitled to each asset; similarly, the trial court is required to identify the marital liabilities and designate which spouse is responsible for each liability. § 61.075(3), Fla. Stat. (2004). Here, the trial court failed to make specific written findings identifying the marital liabilities. Rather, the court ordered that all marital liabilities, including a deficiency judgment, “shall be distributed equally unless otherwise stated.” This court has recognized that “[i]t is reversible error for a trial court to simply indicate that marital liabilities are to be equally divided without identifying each specific liability and without identifying which spouse is responsible for each.”
 
 Italiano v. Italiano,
 
 873 So.2d 558, 561 (Fla. 2d DCA 2004).
 

 Instead of saying, as the trial court here did, that each party shall stand responsible for half of any joint marital debt incurred during the marriage as of the date of the final judgment, the trial court on remand must follow the procedure outlined in
 
 Austin
 
 and
 
 Staton.
 

 Equally important is section 61.075(6)’s requirement that each significant marital asset be individually valued. To comply with the statute, the trial court must also make additional factual findings ascribing a value to each identified marital asset or liability. For valuation of each marital asset or liability, the statute does not provide the bright line clarity it did for identifying marital versus nonmarital assets and liabilities. Instead, section 61.075(6) gives the trial court greater discretion in the valuation arena:
 

 The date for determining value of assets and the amount of liabilities identified or classified as marital is the date or dates as the judge determines is just and equitable under the circumstances. Different assets may be valued as of different dates, as, in the judge’s discretion, the circumstances require.
 

 On remand, in order to comply with the statute and facilitate review, the trial court must provide detailed factual findings in accordance with the statute.
 

 We question also the trial court’s finding that the majority of the value of the marital home was nonmarital because the wife used the proceeds of a judgment in her favor in a products liability lawsuit to construct the home during the marriage.
 
 Cf. Smeaton v. Smeaton,
 
 678 So.2d 501 (Fla. 1st DCA 1996) (finding that there was insufficient evidence to overcome the statutory presumption that real estate held as tenants by the entireties constitutes a marital asset). Ms. Barrow contends that Mr. Furbee did not preserve this issue at trial. However, because we are remanding for a new trial on equitable distribution, this issue may also be readdressed.
 

 The trial court did make one detailed finding, that of a value of $70,000 for Mr. Furbee’s chiropractic practice. But the evidence it used to base that finding was not competent inasmuch as it reflected the purchase price of the practice in 1993, rather than its value in 2007. “A trial court’s property valuation must be sup
 
 *25
 
 ported by competent, substantial evidence.”
 
 Garcia v. Garcia,
 
 25 So.3d 687, 689 (Fla. 4th DCA 2010) (affirming value placed on husband’s medical practice by wife’s expert for purposes of equitable distribution). On remand, any valuation of Mr. Furbee’s chiropractic practice should be based on competent, substantial evidence as of the date of the filing of the petition for dissolution.
 

 The trial court awarded each party the vehicle they primarily drove but did not assign a value to either. This also must be corrected on remand. The same is true for the parties’ retirement plans and their personal property.
 

 Finally,
 
 Austin
 
 again will guide the trial court on remand concerning the amount of alimony to award:
 

 To support its alimony determination, the trial court must include specific findings of fact in the final judgment. Although the final judgment contains some findings concerning the factors listed in section 61.08(2)(a)-(g), the trial court failed to make specific findings concerning the financial resources and income available to each party. The financial needs of one spouse and the ability of the other spouse to pay are the primary factors for the trial court to consider in determining whether to award permanent alimony.
 

 12 So.3d at 317 (some statutory and case citations omitted). The trial court’s final judgment here contains no such required findings.
 

 Due to the delay in finalizing this dissolution case, we caution that “[o]n remand, in fashioning the equitable distribution, the trial court cannot award assets that were depleted during the dissolution proceedings that were expended for support and marital expenses if the parties engaged in no misconduct.”
 
 Id.
 

 Main appeal and cross-appeal affirmed in part, reversed in part, and remanded for further proceedings in accordance with this opinion.
 

 LaROSE and KHOUZAM, JJ„ Concur.