SLEET, Judge.
Jeffrey Froeschle, the former husband, appeals a postdissolution order granting his supplemental petition for modification of alimony and support. Because we are able to determine from the record that the trial court considered the applicable factors in section 61.08(2), Florida Statutes *968 (2011), we affirm the portion of the order granting a downward modification of the former husband’s alimony obligation but denying the termination of alimony without further comment. We reverse, however, the portion of the order that requires the former husband to maintain a $250,000 life insurance policy to secure the payment of alimony and the portion of the order that contains a scrivener’s error regarding Leonore Froeschle’s, the former wife, current monthly net income.
The parties’ twenty-eight year marriage was dissolved in 2006. They entered into a marital settlement agreement, which the trial court ratified in 2007. The agreement contained a provision that required the former husband to maintain a $500,000 life insurance policy to secure his alimony obligation to the former wife. Prior to the hearing on the former husband’s petition, the parties agreed to reduce the policy amount to $132,000. The court ratified this agreement and entered an agreed order concerning the life insurance policy in February 2012.
During the bifurcated hearing on the petition in April and July 2012, the former husband offered evidence that the $500,000 life insurance policy was terminated when he resigned from his law firm. Additionally, the former husband testified that he obtained a $132,000 life insurance policy through his current law firm. There was no other evidence offered to support his request to terminate the life insurance requirement.
During closing arguments, the former wife’s attorney conceded that the $132,000 life insurance policy was sufficient to cover the former husband’s alimony obligation. Inexplicably, however, the court changed the life insurance requirement to $250,000 in the order. We reverse this portion of the order because there was no evidence adduced at the hearing regarding whether the former husband could afford the required life insurance policy. See Milo v. Milo, 718 So.2d 343, 345 (Fla. 2d DCA 1998) (“In imposing such a requirement, the trial court should consider its financial impact on the payor.”); see also Kremer v. Kremer, 595 So.2d 214, 218 (Fla. 2d DCA 1992) (holding that a trial court must consider the financial impact of imposing a life insurance requirement upon the obligated spouse). Moreover, the trial court did not make a finding that a $250,000 life insurance policy is necessary to secure the alimony obligation. See Plichta v. Plichta, 899 So.2d 1283, 1287 (Fla. 2d DCA 2005) (“[I]n determining whether to secure support awards, the trial court should consider the need for such insurance.”).
On remand, the trial court shall amend the life insurance requirement in the order to reflect the $132,000 life insurance policy agreed to by the parties. Also, the trial court shall correct the order to reflect the former wife’s current net monthly income of $4,937.22 to which the parties likewise stipulated.
Affirmed in part, reversed in part, and remanded.
KELLY and VILLANTI, JJ„ Concur.