PER CURIAM.
Appellant, Timothy Clayton, appeals the final judgment dissolving his marriage to Appellee, Linnea Clayton. We affirm in part and reverse in part.
There are four errors in the final judgment that require reversal. First, the final judgment incorporates an erroneous child support worksheet. Inexplicably, the worksheet utilizes net income for Appellee, but gross income for Appellant. In addition, although the worksheet utilizes the “Gross Up Method” of calculation of child support, the time-sharing arrangement does not support this method. See § 61.30(ll)(b), Fla. Stat. (2013) (setting forth method court shall use when time-sharing schedule provides each child spend at least twenty percent of overnights with each parent). Second, the final judgment fails to comply with section 61.13(l)(a), Florida Statutes (2013), in that it does not provide the requisite schedule, nor does it state the month, day and year that the reduction in child support shall become effective. Third, the final judgment fails to allocate the liabilities between the parties. See Austin v. Austin, 12 So.3d 314, 315 (Fla. 2d DCA 2009) (recognizing that trial court is required to identify marital liabilities in final judgment and designate which spouse is responsible for each liability). Finally, the incorporated parenting plan does not clearly set forth the times Appellant is to have the children on Wednesdays and it does not set forth the total number of overnights the parties are to have the children throughout the year.
We reverse and remand these portions of the final judgment so that the court can make the necessary corrections. In all other respects, the final judgment is affirmed.
REVERSED IN PART; AFFIRMED IN PART AND REMANDED.
TORPY, C.J., SAWAYA and COHEN, JJ., concur.