IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

D.M., MOTHER OF J.C.D.
AND A.W.D., CHILDREN,

      Appellant,

 v.
                                                  Case No.  5D18-473

M.D., FATHER,

      Appellee.

_____/

Opinion filed May 30, 2018

Appeal from the Circuit Court
for Orange County,
Jenifer M. Harris, Judge.

Jonathan R. Simon, Orlando Legal,
Orlando, for Appellant.

M.D., Coleman, pro se.

PER CURIAM.

     D.M. appeals a final order denying her petition to terminate the parental rights of

M.D., the biological father of their two children, in conjunction with a proceeding for a

stepparent adoption under chapter 63, Florida Statutes (2015).  D.M. argues that the trial

court erred in failing to set forth specific findings of fact to support its conclusion that M.D.

had not abandoned his children.  She also contends that competent, substantial evidence

supports terminating M.D.'s parental rights.  We affirm.

D.M.'s petition sought to terminate M.D.'s parental rights based on his ninety-seven-month term of incarceration in prison followed by ten years of sex offender probation. D.M. alleged that M.D.'s term of incarceration constituted a significant portion of the children's minority. Alternatively, she contended that continuing the parental relationship with M.D. would be harmful to the children and, for this reason, termination of M.D.'s parental rights would be in the best interests of the children. See § 63.089(4)(b)1. & 3., Fla. Stat. (2015).

Following an evidentiary hearing, the trial court denied D.M.'s petition.[1] As D.M. correctly observes, the trial court's order does not include written findings addressing the criteria set forth in section 63.089(4), as required by section 63.089(5). However, the failure to make the required findings can constitute harmless error when, as here, our review is not hampered by their absence. See Williams v. Williams, 923 So. 2d 606, 608 (Fla. 2d DCA 2006). After considering all the evidence and the credibility of the witnesses, the trial court concluded that M.D. had not abandoned his children. The trial court's order comes to this Court with a presumption of correctness. Sunset Realty Corp. v. McDaniel, 165 So. 2d 782, 783 (Fla. 2d DCA 1964). When, as here, there is competent, substantial evidence to support the trial judge's conclusion, it will be affirmed. See Bertman v. Solomon, 166 So. 2d 499, 502 (Fla. 3d DCA 1964). We cannot reweigh the evidence. Disston v. Hanson, 116 So. 3d 612, 612 (Fla. 5th DCA 2013).

AFFIRMED.

COHEN, C.J., ORFINGER and EISNAUGLE, JJ., concur.

---

[1] The trial court's order erroneously referred to section 39.806(1), Florida Statutes (2015), to interpret "abandonment" instead of section 63.089(4). However, the error was harmless, as there is no significant difference in the analysis under either statute. Compare § 63.089(4)(b), Fla. Stat. (2015), with § 39.806(1)(d), Fla. Stat. (2015).

2