# Supreme Court of Florida

_____

No. SC18-1372
_____

**D.M., etc.,**
Petitioner,

vs.

**M.D., etc.,**
Respondent.

June 6, 2019

PER CURIAM.

We initially accepted jurisdiction to review the decision of the Fifth District Court of Appeal in *D.M. v. M.D.*, 247 So. 3d 713 (Fla. 5th DCA 2018), based on express and direct conflict. *See* art. V, § 3(b)(3), Fla. Const. After further consideration, we conclude that jurisdiction was improvidently granted. Accordingly, we hereby discharge jurisdiction and dismiss this review proceeding.

It is so ordered.

CANADY, C.J., and POLSTON, LUCK, and MUÑIZ, JJ., concur.
LAWSON, J., concurs specially with an opinion, in which LAGOA, J., concurs.
LABARGA, J., dissents with an opinion.

NO MOTION FOR REHEARING WILL BE ALLOWED.

LAWSON, J., concurring specially.

I fully agree with Justice Labarga that the trial court's failure to make written findings in this case rendered meaningful appellate review impossible and was therefore not harmless. However, the Fifth District's error in concluding otherwise under the particular facts of this case does not create express and direct conflict with any decision of this Court or another district court of appeal. To the extent there is such conflict, it is not apparent on the face of the Fifth District's opinion and, therefore, cannot serve as a basis for our jurisdiction. *See Reaves v. State*, 485 So. 2d 829, 830 (Fla. 1986).

Initially, I voted to accept jurisdiction based upon the petitioner's argument that the Fifth District's application of a harmless error standard conflicted with cases from other district courts of appeal applying a per se rule of reversal whenever written findings required by law were not made, and where the issue was preserved for appellate review. *See Callwood v. Callwood*, 221 So. 3d 1198, 1201 (Fla. 4th DCA 2017); *Dep't of Children & Families v. J.S.*, 183 So. 3d 1177, 1183 (Fla. 4th DCA 2016); *Kennedy v. Kennedy*, 60 So. 3d 466, 469 (Fla. 2d DCA 2011); *Farley v. Farley*, 800 So. 2d 710, 711-12 (Fla. 2d DCA 2001); *Shoffner v. Shoffner*, 744 So. 2d 1157, 1157-58 (Fla. 1st DCA 1999); *Staton v. Staton*, 710 So. 2d 744, 745 (Fla. 2d DCA 1998). Upon closer examination, however, all of the purported conflict cases are silent as to whether the harmless error test was

considered, and none expressly state that a per se reversal rule is being applied. Because I conclude that there is no conflict apparent on the face of the opinion below and a decision of another district court of appeal, or our Court, I agree with the majority that we do not have jurisdiction.

LAGOA, J., concurs.

LABARGA, J., dissenting.

I dissent to discharge of this case because the error that occurred was not harmless. The decision below provides, in pertinent part:

> D.M. appeals a final order denying her petition to terminate the parental rights of M.D., the biological father of their two children, in conjunction with a proceeding for a stepparent adoption under chapter 63, Florida Statutes (2015). D.M. argues that the trial court erred in failing to set forth specific findings of fact to support its conclusion that M.D. had not abandoned his children. . . .
>
> D.M.'s petition sought to terminate M.D.'s parental rights based on his ninety-seven-month term of incarceration in prison followed by ten years of sex offender probation. D.M. alleged that M.D.'s term of incarceration constituted a significant portion of the children's minority. Alternatively, she contended that continuing the parental relationship with M.D. would be harmful to the children and, for this reason, termination of M.D.'s parental rights would be in the best interests of the children. *See* § 63.089(4)(b)1. & 3., Fla. Stat. (2015).
>
> Following an evidentiary hearing, the trial court denied D.M.'s petition. As D.M. correctly observes, the trial court's order does not include written findings addressing the criteria set forth in section 63.089(4), as required by section 63.089(5). However, the failure to make the required findings can constitute harmless error when, as here, our review is not hampered by their absence.

*D.M. v. M.D.*, 247 So. 3d 713, 713-14 (Fla. 5th DCA 2018) (footnote omitted).

The Fifth District affirmed the denial order, concluding the lack of the required written findings constituted harmless error. *Id.* at 714.

While I agree with the Fifth District that the failure to make the required written findings under section 63.089(5) is subject to harmless error review, the error here cannot be deemed harmless. In the civil context, where a claim is preserved:[1]

> To test for harmless error, the beneficiary of the error has the burden to prove that the error complained of did not contribute to the verdict. Alternatively stated, the beneficiary of the error must prove that there is no reasonable possibility that the error contributed to the verdict.

*Special v. W. Boca Med. Ctr.*, 160 So. 3d 1251, 1256 (Fla. 2014). Here, the trial court's failure to make the statutorily required written findings hampered meaningful appellate review, such that it was not possible for the district court to evaluate whether the error was harmful under the applicable standard. Indeed, the absence of these findings renders it impossible to determine upon what the trial court based its conclusion that abandonment was not proven, or if the reasoning underlying that decision was proper.

---

1. The mother properly challenged the sufficiency of the trial court's denial order, noting the lack of the statutorily required written findings.

Accordingly, I would keep jurisdiction, quash *D.M.*, and remand to the Fifth District with instructions that this case further be remanded to the trial court to make the statutorily required written findings. *See e.g.*, *Williams v. Williams*, 923 So. 2d 606, 608 (Fla. 2d DCA 2006) (concluding in a dissolution of marriage proceeding that the failure to make the required statutory findings did not constitute harmless error because, without the findings, the appellate court could not determine why the trial court did not award alimony to the former spouse or whether the decision was a proper exercise of the trial court's discretion).

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

Fifth District - Case No. 5D18-473

(Orange County)

Michael M. Brownlee of The Brownlee Law Firm, P.A., Orlando, Florida,

for Petitioner

Elizabeth Siano Harris of Harris Appellate Law Office, Mims, Florida,

for Respondent