LABARGA, J., dissenting.
I dissent to discharge of this case because the error that occurred was not harmless. The decision below provides, in pertinent part:
D.M. appeals a final order denying her petition to terminate the parental rights of M.D., the biological father of their two children, in conjunction with a proceeding for a stepparent adoption under chapter 63, Florida Statutes (2015). D.M. argues that the trial court erred in failing to set forth specific findings of fact to support its conclusion that M.D. had not abandoned his children....
D.M.'s petition sought to terminate M.D.'s parental rights based on his ninety-seven-month term of incarceration in prison followed by ten years of sex offender probation. D.M. alleged that M.D.'s term of incarceration constituted a significant portion of the children's minority. Alternatively, she contended that continuing the parental relationship with M.D. would be harmful to the children and, for this reason, termination of M.D.'s parental rights would be in the best interests of the children. See § 63.089(4)(b)1. & 3., Fla. Stat. (2015).
Following an evidentiary hearing, the trial court denied D.M.'s petition. As D.M. correctly observes, the trial court's order does not include written findings addressing the criteria set forth in section 63.089(4), as required by section 63.089(5). However, the failure to make the required findings can constitute harmless error when, as here, our review is not hampered by their absence.
*1231 D.M. v. M.D. , 247 So. 3d 713, 713-14 (Fla. 5th DCA 2018) (footnote omitted). The Fifth District affirmed the denial order, concluding the lack of the required written findings constituted harmless error. Id. at 714.
While I agree with the Fifth District that the failure to make the required written findings under section 63.089(5) is subject to harmless error review, the error here cannot be deemed harmless. In the civil context, where a claim is preserved:[1]
To test for harmless error, the beneficiary of the error has the burden to prove that the error complained of did not contribute to the verdict. Alternatively stated, the beneficiary of the error must prove that there is no reasonable possibility that the error contributed to the verdict.
Special v. W. Boca Med. Ctr. , 160 So. 3d 1251, 1256 (Fla. 2014). Here, the trial court's failure to make the statutorily required written findings hampered meaningful appellate review, such that it was not possible for the district court to evaluate whether the error was harmful under the applicable standard. Indeed, the absence of these findings renders it impossible to determine upon what the trial court based its conclusion that abandonment was not proven, or if the reasoning underlying that decision was proper.
Accordingly, I would keep jurisdiction, quash D.M. , and remand to the Fifth District with instructions that this case further be remanded to the trial court to make the statutorily required written findings. See e.g. , Williams v. Williams , 923 So. 2d 606, 608 (Fla. 2d DCA 2006) (concluding in a dissolution of marriage proceeding that the failure to make the required statutory findings did not constitute harmless error because, without the findings, the appellate court could not determine why the trial court did not award alimony to the former spouse or whether the decision was a proper exercise of the trial court's discretion).

The mother properly challenged the sufficiency of the trial court's denial order, noting the lack of the statutorily required written findings.