DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SANDRA INMAN,**
Appellant,

v.

**JOHN INMAN,**
Appellee.

No. 4D21-2265

[August 17, 2022]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Cynthia L. Cox, Judge; L.T. Case No. 312020DR000887.

J. Garry Rooney of Rooney & Rooney, P.A., Vero Beach, for appellant.

A. Julia Graves of Law Office of A. Julia Graves, P.A., Vero Beach, for appellee.

PER CURIAM.

Sandra Inman ("Former Wife") appeals the trial court's final judgment establishing a $900.00 monthly equitable distribution payment plan and a $100.00 per month permanent periodic alimony to be paid by John Inman ("Former Husband"). We reverse and remand for further proceedings on the trial court's finding of Former Husband's income and on the determination of Former Wife's alimony award. We affirm on all other issues without comment.

Following the dissolution of their marriage, both Former Wife and Former Husband had an interest in their marital home, valued at $145,000.00. After evidentiary hearings, the trial court awarded Former Husband the marital home and required him to pay $53,281.00 to Former Wife in monthly equitable distribution payments of $900.00 in a payment plan that would take over five years to pay off.

On the matter of Former Husband's income, evidence at the hearing showed he had a base pay of $101,000.00 as a physical therapist, working between forty and eighty hours per week and earning at least $8,415.00

per month, or $100,980.00 annually. However, Former Husband also testified that he needed hip surgery and planned to reduce his work hours to thirty-two hours per week, thereby decreasing his income to $6,734.00 per month. Based on Former Husband's future plans, the trial court calculated his monthly income as $6,500.00, amounting to a yearly income of $78,000.00.

After establishing Former Husband's income and ability to pay, the trial court then considered Former Wife's need for alimony. The court ordered a monthly alimony payment of $1,000.00 by subtracting Former Wife's $2,021.00 monthly income from her court-ordered $3,021.00 monthly need. The trial court then ordered Former Husband to pay $100.00 per month in alimony, using Former Wife's receipt of the $900.00 per month equitable distribution payments to make up the full $1,000.00 deficit.

On appeal, Former Wife asserts that the trial court erroneously lowered Former Husband's calculated base income to determine the amount of support payable to Former Wife. Former Wife also argues that the trial court incorrectly used Former Husband's equitable distribution payment to reduce his monthly payment of spousal support. We agree on both these issues.

**Determination of Income for Alimony Purposes**

"The standard of review of a trial court's order imputing income to a spouse is whether competent, substantial evidence supports the findings." *Whyte v. Whyte*, 337 So. 3d 18, 20 (Fla. 4th DCA 2022). In determining a party's income for alimony purposes, a court may not speculate on what might happen in the future but must consider the circumstances that existed at the time of the final hearing. *Austin v. Austin*, 12 So. 3d 314, 318 (Fla. 2d DCA 2009). In addition, the trial court "may only impute a level of income supported by the evidence of employment potential and probable earnings based on history, qualifications, and prevailing wages." *Koscher v. Koscher*, 201 So. 3d 736, 741 (Fla. 4th DCA 2016) (quoting *Schram v. Schram*, 932 So. 2d 245, 250 (Fla. 4th DCA 2005)).

Here, the trial court's calculation of Former Husband's income based on a reduction in his potential future salary was not supported by competent, substantial evidence. *See Koscher*, 201 So. 3d at 741. Including overtime, Former Husband reported his yearly income as $93,000.00 in 2019 and $107,762.00 in 2020. Despite this, the trial court improperly computed Former Husband's yearly income at $78,000.00 for alimony purposes because his health issues *might* interfere with his future ability to earn income. *See Austin*, 12 So. 3d at 318. The potential for

reduced working hours due to impending health problems does not support a finding of reduced income for alimony purposes. *See McLean v. McLean*, 652 So. 2d 1178, 1181 (Fla. 2d DCA 1995).

In *McLean*, the Second District reversed a trial court's reduction of a spouse's income based on a potential decline in the number of his working hours due to work-related stress. *Id.* at 1180. Like the trial court here, the appellate court found the lower court had no evidence to support a salary reduction—only a possibility that future health problems might reduce the former husband's salary. *Id.* at 1181. While a reduced future workload and the resulting diminished future income may be grounds for a petition to modify alimony and obtain a reduction in the amount to be paid, it cannot support calculations regarding current alimony payments. *Id.* Therefore, we reverse on this issue and remand for re-calculation of Former Husband's income by the trial court.

**Determination of Alimony Award**

The standard of review for a trial court's determination of alimony is abuse of discretion. *Rabadan v. Rabadan*, 322 So. 3d 660, 661 (Fla. 4th DCA 2021). "The matter of alimony is separate and distinct from a determination of property rights of the parties." *Latta v. Latta*, 135 So. 2d 443, 444 (Fla. 3d DCA 1961).

Here, the trial court ordered Former Husband to pay Former Wife $100.00 per month in alimony by using the $900.00 per month Former Wife would receive in equitable distribution to meet her $1,000.00 monthly need. This was error. "A court should not require a [former] spouse in need of alimony to deplete or invade capital assets to maintain his or her standard of living." *Van Maerssen v. Gerdts*, 295 So. 3d 819, 826 (Fla. 4th DCA 2020) (citing *Sherlock v. Sherlock*, 199 So. 3d 1039, 1043 (Fla. 4th DCA 2016)). In *Hanks v. Hanks*, 553 So. 2d 340, 343 (Fla. 4th DCA 1989), we reversed an alimony calculation that provided a former wife with three times less than her expenses and would have required her to use the liquid assets from the sale of the marital home to support herself. We therefore reverse on this issue and remand to the trial court for re-calculation of the monthly alimony payment from Former Husband to Former Wife.

*Affirmed in part, reversed in part, and remanded for further proceedings.*

KLINGENSMITH, C.J., CIKLIN and CONNER, JJ., concur.

\*　　　\*　　　\*

3

*Not final until disposition of timely filed motion for rehearing.*