COPE, J.
Tancredo Berges (“husband”) appeals a final judgment of dissolution of marriage. We conclude that the trial court erred in its calculation of the husband’s income for child support purposes. We affirm on the remaining issues.
I.
The husband and Mary P. Berges (“wife”) were married for ten and one half years. There was one child born of the marriage, who resides with the wife. The wife is a nurse. The husband is a tile and marble contractor.
The final judgment awarded child support to the wife, and granted her a lump sum alimony. The husband has appealed.
II.
The husband contends that the trial court erred in its calculation of his income for purposes of the child support statute. The husband’s point is well taken. The wife and the court misapprehended the statute and arrived at an income calculation which is not supported by evidence.
The husband operates a small business as a tile and marble contractor. At the time of the final hearing, he was regularly hired as a subcontractor by a general contractor known as Built By Owner, Inc. The husband would bid for tile and marble installation work on a price per square foot basis. He would hire installers by the job, and supervise their work. On any given job one to five installers would install the tile or marble.
Because the husband’s company was an independent contractor, Built By Owner would issue an Internal Revenue Service Form 1099 to the husband each year, reporting the amount Built By Owner had paid to the husband. At the time relevant here, the husband maintained a separate bank account for his business income and expenditures. Throughout the marriage, the husband and wife consistently used the same accountant for preparation of the tax returns.[1]
The child support statute has three related, but distinct, categories which are involved here. These are “gross income,” “business income,” and “net income.”
The pertinent parts of the child support statute state:
(2) Income shall be determined on a monthly basis for the obligor and for the obligee as follows:
*921 (a) Gross income shall include, but is not limited to, the following terms:
[[Image here]]
3. Business income from sources such as self-employment, partnership, close corporations, and independent contracts. “Business income” means gross receipts minus ordinary and necessary expenses required to produce income.
[[Image here]]
(3) Allowable deductions from gross income shall include:
(a) Federal, state, and local income tax deductions, adjusted for actual filing status and allowable dependents and incomes tax liabilities.
(b) Federal insurance contributions or self-employment tax.
(c) Mandatory union dues.
(d) Mandatory retirement payments.
(e) Health insurance payments, excluding payments for coverage of the minor child.
(f) Court-ordered support for other children which is actually paid.
(g) Spousal support paid pursuant to a court order from a previous marriage or the marriage before the court.
(4) Net income for the obligor and net income for the obligee shall be computed by subtracting allowable deductions from gross income.
§ 61.30(2)-(4), Fla. Stat. (2002) (emphasis added).[2]
In the trial court, the husband presented extensive financial evidence regarding his business. The time period relevant here was the employment as a subcontractor by the current employer, Built By Owner. The husband presented evidence of the amounts paid to him by Built By Owner, his business expenses, his tax returns, and his bank account records. After subtracting his business expenses from the gross receipts from Built By Owner, the husband arrived at a figure for his business income.
The wife contended that the husband’s calculation was too low. She argued that the husband must have additional income that he was not reporting, even though one of the owners of Built By Owner testified that the husband was working for Built By Owner constantly as a subcontractor. The wife never presented any evidence of additional “side” jobs performed by the husband, nor did the wife provide the court with any basis for calculating or estimating such additional “side” income, even assuming such “side” jobs existed.[3]
Instead, the wife took the position at trial that the entirety of the gross receipts received by the husband’s business should be treated as being his personal gross income, without making any deduction of business expenses. The wife reasoned that since these were the husband’s business accounts, he had control over the funds and this meant the money in the business account must necessarily be his personal income. The wife proposed that the trial court accept the Built By Owner Form 1099 as being a correct statement of the husband’s income, or alternatively, that the court accept the amounts the husband deposited in his business accounts as being a correct statement of the husband’s in *922 come.[4] The trial court accepted the wife’s approach.
In taking this position, the wife necessarily was accepting that the Form 1099 prepared by Built By Owner was accurate, not inaccurate. Further, as a matter of law, the amount paid by Built By Owner to the husband’s business constituted “gross receipts” for purposes of the child support statute. From this amount, the trial court was obliged to subtract the husband’s ordinary and necessary business expenses in order to arrive at the husband’s business income. In failing to do this, the trial court reversibly erred.
On this appeal, the wife attempts to argue new theories, suggesting that the trial court was right for the wrong reason. These new arguments cannot salvage the child support calculation.
The wife now argues that the Form 1099 issued by Built By Owner was inaccurate and understated the income paid to the husband. This contradicts the wife’s position in the trial court that the Form 1099 was accurate. The wife’s contention was never made in the trial court and there is no competent evidence in the record to support it.
The wife argues that the trial court must not have believed the husband’s records regarding his business expenses, and therefore disallowed them. That argument is without merit. Both the general contractor and the husband testified that the husband employed tile setters to carry out the work on the various subcontracts, which the husband supervised. The wife offered no testimony to the contrary. Obviously the tile setters must be paid, and wages for tile setters is the husband’s major business expense. The wife made no particularized challenge to the business expenses.
The wife contended at oral argument that it was insufficient for the husband to introduce his business records regarding the wages he paid to his workers. According to the wife, it was necessary for the husband to bring each worker to court to testify personally about the amount of wages he had been paid by the husband. No such argument was made in the trial court, and there is no such rule of law. The husband’s business records and testimony were competent evidence of his business expenses. If the wife believed that any of the workers did not exist, it was then her burden to introduce evidence of that fact. She made no such claim in the trial court.[5]
The wife contends that the total amount of the parties’ combined expenses exceeded the parties’ reported incomes, and therefore imputation was permissible. The wife never developed any such calculation in the trial court, and the record does not support it. See Robertson v. State, 829 So.2d 901, 906-07 (Fla.2002).[6]
*923 For the stated reasons, we reverse the child support award and remand with directions to recalculate the husband’s income in accordance with the child support statute and the evidence the husband has submitted, i.e., the gross receipts and business expenses reported by the husband. We recognize that the last complete year of financial records in the trial exhibits is the year 2000, plus evidence for part of 2001. While the records in evidence for 2000 will govern the child support calculation for that time period, the trial court may reopen the record for the submission of more recent tax returns and financial records for subsequent years, in order to perform the child support calculations for the time period subsequent to 2000.
The wife argues that the husband’s business income has improved in more recent years. Nothing we say here precludes the wife from moving for modification if she believes that the statutory trigger contained in paragraph 61.30(l)(b), Florida Statutes, has been surpassed.
III.
The husband argues that the trial court should not have awarded the wife lump sum alimony in the form of her retirement plans accumulated during her employment at Mercy Hospital. We reject this argument and conclude that the trial court’s award was entirely within its discretion. The marriage in this case is within the so called “gray area” between short-term and long-term marriages. See Levy v. Levy, 862 So.2d 48, 51 (Fla. 3d DCA 2003); Bracero v. Bracero, 849 So.2d 388 (Fla. 5th DCA 2003); Nelson v. Nelson, 721 So.2d 388 (Fla. 4th DCA 1998). In April 1998, the wife was diagnosed with rheumatoid arthritis, a progressive degenerative disease. While the wife takes medication to inhibit the progress of the disease, it has already produced observable physical effects on the hands, feet, and forearms. The wife testified that in sixty percent of such cases, the disease progresses to the point that it produces disability. The lump sum award was plainly within the trial court’s discretion. We reject the husband’s remaining points on appeal without further discussion.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.

. The husband’s business income was reported on. Schedule C.

. Business income is simply one type of gross income. Other examples of gross income include salary or wages, bonuses, commissions, interest and dividends, rental income, pension benefits, and so on. See id. § 61.30(2)(a). Only business income is at issue in this case.

. There was testimony regarding "side” jobs during the husband’s employment by a previous contractor, Gallo Marble. Be that as it may, the relevant issue for child support purposes was the amount paid by the current contractor, Built By Owner.

. These two amounts were similar to each other, except that the Built By Owner Form 1099 amount was somewhat higher.

. At oral argument the wife argued that the husband's business checks were not in the record. We fail to understand that argument. The trial exhibits are part of the record on appeal, and the bank statements contain photocopies of the checks. Further, the wife at trial relied heavily on bank records as a basis for calculating the husband’s income.

.The wife argues that the parties' financial affidavits itemized expenses in excess of their incomes. She argues that this necessarily supports the proposition that the husband had unreported income. However, in making this argument the wife has overlooked the fact that both financial affidavits report that the parties were running monthly deficits, the wife $1,500 per month and the husband, $1,000 per month. Both parties testified that during the period of separation, they had to borrow money to make ends meet. The wife's argument thus rests on the faulty prem *923 ise that the parties had sufficient current income to cover their expenses. Even if we were willing to entertain the wife’s argument for purposes of discussion, it is simply not supported by the record.