FARMER, J.
We reverse the decision of the trial judge in this proceeding to modify child support based on the emancipation of an adult child. The party seeking modification has the burden of showing a significant change in circumstances, by substantial competent evidence. Bernstein v. Bernstein, 498 So.2d 1270, 1271-72 (Fla. 4th DCA 1986). The trial judge concluded that former wife had not met this burden, yet failed to recalculate monthly child support payments according to the requisite guidelines, the effect of which was to increase the amount of child support for the only remaining unemancipated minor child. *639 Evidence of former husband’s income from certain rental properties and gambling was introduced, but no specific findings were made so as to permit the imputation of such income.
Because we are unable to conduct a meaningful review of the final order without findings of fact as to these and related matters, we reverse and remand for that purpose. See Harbus v. Harbus, 874 So.2d 1230, 1231 (Fla. 4th DCA 2004) (“If the trial court fails to do so, the case must be reversed and remanded for specific findings of fact.”); Tarnawski v. Tarnawski, 851 So.2d 239, 242 (Fla. 4th DCA 2003) (same); Bimonte v. Martin-Bimonte, 679 So.2d 18, 19 (Fla. 4th DCA 1996) (“When imputing income to a party, the trial court must set forth factual findings as to the probable and potential earnings level, source of imputed and actual income, and adjustments to income.”). We caution the trial judge that imputing income from gambling is dependent on reliable evidence that such income is regular and dependable.

Reversed.

GUNTHER, J., and KRATHEN, DAVID H., Associate Judge, concur.