WALLACE, Judge.
 

 David W. Betancourt (the Husband) appeals the final judgment that dissolved his long-term marriage to Julie D. Betancourt (the Wife). On appeal, the Husband challenges the trial court’s award of permanent periodic alimony to the Wife. He asserts that the trial court made multiple errors in calculating the incomes available to the parties and their expenses. The Wife has not taken a cross-appeal.
 

 We agree with the Husband that the trial court erred in attributing to him the gross rental income from a rental property without first deducting the mortgage payment and other expenses associated with the property. This error requires us to reverse the permanent periodic alimony award and remand to the trial court for reconsideration of this issue. We have carefully considered the Husband’s other arguments and find them to be without merit.
 

 I. THE FACTS AND PROCEDURAL BACKGROUND
 

 The parties were married in 1983 and separated in January 2006. They have modest assets and incomes. The Husband is employed as a teacher by the Hillsbor-ough County School Board. The Wife works as a caregiver for her parents and her brother’s children. The parties have one child, a son who has attained the age of majority.
 

 The parties owned two parcels of real estate — a single family residence and a residential triplex. The single family residence was the parties’ marital home. Each of these properties is encumbered by a mortgage. After the separation, the Husband moved into one of the three units in the triplex, and the Wife lived in the former marital home. The Husband collects the rents from the triplex and pays the mortgage and other expenses.
 

 Two of the units in the triplex have two bedrooms; the third unit has only one bedroom. The two-bedroom units rent for $800 per month, and the one-bedroom unit rents for $550 per month. When all three units are rented, the triplex generates a gross rental income of $2150 per month. But after the separation, the Husband occupied one of the two-bedroom units. Thus the gross rental amount that the Husband actually received for the remaining two units was $1350. Occasional vacancies reduced the gross rental income
 
 *770
 
 below this figure, but the Husband did not provide evidence concerning a specific vacancy rate.
 

 The amount of the monthly mortgage payment on the triplex, including property taxes and insurance, is $1343. The landlord pays the water bill for the entire building. This expense is approximately $60 per month. Expenses for repairs and maintenance on the triplex are additional, but the Husband did not provide any evidence concerning their amount. However, simple arithmetic establishes that when the Husband is occupying one of the two-bedroom units, the triplex does not produce any net income.
 

 At the final hearing, the parties agreed to — and the trial court approved — an equitable distribution schedule that awarded the former marital residence to the Wife and the triplex to the Husband. The trial court ordered the Husband and the Wife to assume responsibility for the payment of the mortgage, taxes, and insurance on the property that each of them received in the equitable distribution. The only disputed issue at the final hearing was the Wife’s claim for permanent periodic alimony. The trial court made findings concerning the parties’ incomes from their employment. The trial court also found that the “Husband receives gross [sic] rental income from the triplex in the amount of $1,350 per month.” The trial court added the $1350 figure to the Husband’s employment income and used that total to determine his ability to pay alimony.
 

 On the basis of the inclusion of the $1350 in gross rentals in the Husband’s total income, the trial court ordered him to pay the Wife permanent periodic alimony of $900 per month. The trial court made the alimony award retroactive to the date of the filing of the Wife’s petition for dissolution of marriage. The trial court also awarded the Husband a credit against the retroactive alimony award in an amount equal to his contributions to the payment of the mortgage on the marital home while the case was pending.
 

 After the entry of the final judgment, the Husband filed a motion for rehearing, alleging several grounds. In pertinent part, the Husband contended that the trial court had erroneously calculated his income by failing to deduct the expenses of the triplex from the gross rentals. The trial court denied the Husband any relief on this ground. In its written order, the trial court explained that “the Court was provided no evidence at the request for rehearing to support that any expenses should be subtracted from the gross income receipts, and [the] Husband’s financial affidavit did not itemize this income or any expenses associated with this rental property.” The Husband’s appeal followed.
 

 II. DISCUSSION
 

 We begin our discussion by noting the Husband’s contribution to the trial court’s error concerning which he now complains. As the trial court correctly observed in its order on the Husband’s motion for rehearing, the Husband failed to list the income and expenses for the triplex on his financial affidavit. The Husband was undeniably required to disclose this information on his financial affidavit. Line 11 of Section I of the form specifically calls for the following information:
 

 Monthly rental income (gross receipts minus ordinary and necessary expenses required to produce income) (□ Attach sheet itemizing such income and expense items.) 11. _
 

 Form 12.902(b), Fla. Fam. L.R.P. Granted, with the Husband occupying one of the two-bedroom units, the triplex was not
 
 *771
 
 generating a positive cash flow. But this fact was not a sufficient reason for failing to disclose the rental income and expense on the financial affidavit as required.
 

 That said, the Husband testified in substantial detail at the final hearing concerning the income and expenses of the triplex property. And the Wife acknowledged that the triplex was encumbered by a mortgage. She did not dispute the amount of the monthly mortgage payment testified to by the Husband. The Wife even agreed that the triplex was “a maintenance nightmare.” Although the Husband did not offer any specific evidence concerning the cost of the repairs and maintenance on the triplex, he did present substantial, uncontroverted testimony concerning the amounts of the monthly mortgage payment and the water bill. In short, the evidence at the final hearing would not support a finding that the Husband enjoyed $1350 in net income from the triplex.
 

 In determining the amount of the alimony award, if any, the trial court was required to consider, among other things, “[a]ll sources of income
 
 available
 
 to either party.” § 61.08(2)(g), Fla. Stat. (2007) (emphasis added);
 
 see Zold v. Zold,
 
 911 So.2d 1222, 1228 (Fla.2005). “The essential criterion for fixing an amount of alimony is— after a payee’s need — a present ability of the payor to sustain it.”
 
 Jaffy v. Jaffy,
 
 965 So.2d 825, 829 (Fla. 4th DCA 2007).
 

 Unquestionably, the full amount of the $1350 rental income from the triplex was not available to the Husband. The monthly rents generated by the two tenant-occupied units were exhausted by the monthly mortgage payment and the water bill. Thus the trial court erred in adding the gross rental income from the triplex to the Husband’s employment income without a corresponding deduction for the mortgage and utility expenses.
 
 See Berges v. Berges,
 
 871 So.2d 919, 922 (Fla. 3d DCA 2004) (holding that in order to arrive at the husband’s business income, the trial court was obligated to subtract his ordinary and necessary business expenses from his gross receipts). As a result of this error, the trial court substantially overstated the amount of income that the Husband had available to pay alimony.
 

 We do not overlook the fact of the Husband’s rent-free residence in one of the triplex’s two-bedroom units. But if the Husband did not live in one of the triplex units, he would have to rent another place to live. In that event, the additional rental expense would likely cancel out the additional income to be obtained from renting the third triplex unit. So adding the projected rent from the third unit to the Husband’s income would not be appropriate.
 

 III. CONCLUSION
 

 For the foregoing reasons, we reverse the award of permanent periodic alimony to the Wife. On remand, the trial court shall reconsider the issue of permanent periodic alimony and enter an amended final judgment consistent with this opinion. In all other respects, the final judgment is affirmed.
 

 Affirmed in part, reversed in part, and remanded.
 

 ALTENBERND and KHOUZAM, JJ., Concur.