PER CURIAM.
Jill D. Marlowe, the former wife, appeals a final judgment modifying child support which reduced the amount of child support payments owed to her by Wally R. Marlowe, the former husband, appellee, retroactive to the date of the original filing. The former wife argues that: (1) the trial court improperly imputed minimum wage income to her; (2) the Final Judgment violates section 61.30(7), Florida Statutes (2012); (3) the revised child support calculations are erroneous; and (4) it is an error to use alleged past overpayments in child support to set off alimony arrearages or future child support payments. Because the trial court failed to support its imputation of income to the wife with any factual findings and erred in the computation of the former husband’s child support payments, we reverse and remand for further proceedings.
Florida courts have consistently held that the imputation of income must be supported by factual findings as to the *1196 “probable and potential earnings level, source of imputed and actual income, and adjustments to income.” Harrell v. Harrell, 947 So.2d 638, 639 (Fla. 4th DCA 2007). Particularized findings relating to the current job market, the party’s most recent work history, occupational qualifications, and the prevailing earnings level in the local community are all required to support an imputation of income. Rabbath v. Farid, 4 So.3d 778, 782 (Fla. 1st DCA 2009). Here, the trial court does not provide any factual basis for its conclusion that the former wife was voluntarily underemployed. Nor does the trial court provide any support for its determination that the former wife should be working 40 hours a week. The record is undisputed that the former wife is a homemaker with limited work experience, no marketable skills, and no resume. In fact, evidence shows that former wife was forced to leave her minimum wage job as a teacher’s assistant because of child care issues with her youngest of seven children of this marriage. Without any factual findings, the imputation of income must be reversed and remanded.
We also agree with the former wife that the trial court’s retroactive child support calculations are erroneous. The child support worksheets in the record reflect that the former husband paid his alimony every month from November 2009 through May 2012 when, in actuality, he did not. An audit performed by the Escambia County Clerk reflected that the former husband’s alimony payments were over $12,000 in arrearage. Because the court ignored the unpaid alimony payments, there was an erroneous $600 reduction in the former husband’s income and a $600 increase in the former wife’s income. See Swor v. Swor, 56 So.3d 825, 826 (Fla. 2d DCA 2011).
We find no abuse of discretion, however, in the trial court’s termination of child support upon a child reaching the age of 18, instead of upon high school graduation. Further, set offs against support obligations are permitted “in those limited circumstances where that party can show ‘compelling equitable criteria and considerations’ justifying such set off.” Waldman v. Waldman, 612 So.2d 703, 704 (Fla. 3d DCA 1993) (quoting Chappell v. Chappell, 253 So.2d 281, 287 (Fla. 4th DCA 1971)). We find that equitable circumstances exist warranting the trial court’s ruling because, if the alimony arrearage was not set off against the child support “overpayment” by virtue of the retroactive reduction, the former wife would have an even greater financial burden owed to the former husband. Therefore, even though the trial court’s calculation of retroactive child support is remanded for recalculation, to the extent the child support calculations are retroactively reduced, they can be set off by the alimony arrearage. On remand, the trial court should cap the amount to be deducted from the former husband’s future child support obligations as offset for his retroactive child support overpay-ments. This is to ensure that the children’s continuing support needs will be met, while simultaneously amortizing the sum of child support overpayments owed to the former husband.
REVERSED and REMANDED for further proceedings consistent with this opinion.
WOLF, VAN NORTWICK, and WETHERELL, JJ., concur.