WALLIS, J.
Donald R. Hodge (“Appellant”) appeals the entry of an Amended Final Judgment of Dissolution of Marriage (“Amended Final Judgment”) awarding Ann B. Hodge (“Appellee”) $2,500 per month in permanent periodic alimony and distributing the marital property. Appellant argues that the lower court erred by improperly calculating the amount of alimony due. We *443 affirm in part, reverse in part, and remand the Amended Final Judgment for revision.
Appellant first argues that the lower court improperly calculated his rental income by failing to subtract expenses associated with the upkeep of a rental property (“Old Dominion property”). Appellant next argues that the lower court miscalculated Appellee’s income by failing to attribute investment income, divided under the equitable distribution scheme, to Appellee rather than Appellant. Finally, Appellant argues that the lower court improperly calculated the pre-marital portion of his equity in the Old Dominion property.[1]
“The appropriate standard of review in a dissolution of marriage is abuse of discretion.” Matajek v. Skowronska, 927 So.2d 981, 985 (Fla. 5th DCA 2006) (citing Johnson v. Johnson, 847 So.2d 1157, 1158 (Fla. 5th DCA 2003)). “The trial court abuses its discretion only where no reasonable person would take the view it adopts based upon the evidence before it.” Id. (citing Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980)). “This court must determine whether the trial court’s order is supported by substantial, competent evidence.” Id. (citing Johnson, 847 So.2d at 1158). “A trial court has considerable discretion in determining an award of alimony.” Engesser v. Engesser, 42 So.3d 249, 250 (Fla. 5th DCA 2010) (citing Canakaris, 382 So.2d at 1197).
Calculation of Rental Income
The findings contained in the Amended Final Judgment list Appellant’s monthly rental income from the Old Dominion property as $1,650. The trial court did not subtract any expenses associated with the operation of the Old Dominion property. Appellee gave trial testimony that the parties typically reserved half — or about $825 — of the rental payments for the payment of taxes, repairs, upkeep and maintenance.
A trial court’s determination of whether portions of payments from income-producing assets — including rental payments — constitute income for purposes of calculating alimony should be conducted on a case-by-case basis, and not overturned absent a showing that no competent evidence supports the determination. Zold v. Zold, 911 So.2d 1222, 1232-33 (Fla.2005); see also McNamara v. McNamara, 40 So.3d 78, 82 (Fla. 5th DCA 2010) (citing Waton v. Waton, 887 So.2d 419, 422 (Fla. 4th DCA 2004)). The supreme court clarified in Zold that the burden of proof in these types of cases is on the party claiming that a portion of payments should be excluded from alimony calculations. 911 So.2d at 1234. Thus, Appellant has the burden of proof to demonstrate that at least $825 of the $1,650 rent payments are used to maintain the Old Dominion property.
In Betancourt v. Betancourt, 50 So.3d 768 (Fla. 2d DCA 2010), the second district held that “the trial court erred in adding the gross rental income from the [rental property] to the Husband’s employment income without a corresponding deduction for the mortgage and utility expenses.” 50 So.3d at 771 (citing Berges v. Berges, 871 So.2d 919, 922 (Fla. 3d DCA 2004)). As in the present case, the appellant in Betanc-ourt did not itemize the income and upkeep expenses on his financial affidavit. Id. at 770. However, the appellant in Be-tancourt “testified in substantial detail at the final hearing concerning the income and expenses” of the rental property. Id. at 771. Appellee argues that Appellant did not provide comparable detail, but fails *444 to consider her own testimony regarding the net rental income from the property.
In the instant case, we do not believe the lower court’s calculation of income from the Old Dominion property reflects that the monthly maintenance expenses exhaust half of the rental payments. Consequently, we do not find there is competent, substantial evidence to support $1,650 in rental income applied as monthly income to Appellant. We remand for the trial court to reduce the rental income by the ordinary and reasonable expenses.
Calculation of Investment Income
The Amended Final Judgment distributed the following assets equally between Appellant and Appellee and found that each asset generated the following monthly returns: (1) CSC Ameriprise Rollover, found to generate returns of $1,692 per month; (2) TIAA-CREF account, found to generate returns of $1,658 per month; (3) Dreyfuss liquid assets, found to generate returns of $160 per month; (4) TIAA-CREF Annuity, found to generate returns of $138.16 per month; and (5) Northwestern life insurance policy dividends, found to generate returns of $465 per month. Additionally, the Amended Final Judgment distributed other intangible, income-earning assets held in Appel-lee’s name but did not include income from those sources in its calculations. The Amended Final Judgment does not indicate that the trial court’s calculation of the Appellee’s income included any investment income attributable to the assets divided in the equitable distribution scheme.
Failing to attribute the income from property being distributed to that party when determining need and ability to pay is reversible error. See Acker v. Acker, 904 So.2d 384, 386-87 (Fla.2005). The supreme court held that section 61.08(2), Florida Statutes, requires a trial court to consider all sources of income— including equitably — distributed assets-when determining alimony awards. Id. at 388-89 (citing Lauro v. Lauro, 757 So.2d 523, 524-25 (Fla. 4th DCA 2000)). In the present case, the trial court failed to consider how the equitable distribution scheme disposed of income-earning assets.
Appellant argued below that the parties’ incomes after equitable distribution were significantly different than the estimates employed by the lower court’s award of $2,500 per month in alimony. In the Amended Final Judgment, the lower court stated that “[i]t is anticipated going forward, based upon the past years, that the [Appellant] will have monthly net income of over $9,000.” The lower court’s calculation of Appellant’s monthly income results in an estimate of $9,627.72, including in full those assets later split evenly with Appel-lee. The lower court also failed to include equitably-distributed property in its estimate of Appellee’s income.
After reviewing the Amended Final Judgment, we conclude that the lower court’s conclusions are not based on competent, substantial evidence. Considering that the lower court’s award of $2,500 in monthly alimony was based on its estimate that Appellant’s monthly income will be “over $9,000,” the validity of that award is questionable. In light of Acker, both parties’ income estimates must be revised to reflect the equitable distribution of income-earning assets. We reverse the lower court’s findings with regard to the calculation of both parties’ income and remand for a determination of an appropriate alimony award.
Calculation of Premarital Equity and Passive Appreciation
Appellant owned significant equity in the Old Dominion property at the time of the marriage. The property was encumbered with a mortgage roughly equal to *445 one-third of the appraised value. Trial testimony established that the parties used marital funds to repay the mortgage and to make minor improvements. Appellee testified that she expended considerable effort to show and rent the property to tenants. The Old Dominion property increased greatly in value between the time of marriage and the time of divorce. The lower court awarded Appellee one-half of the total increase in value after finding that the increase was due to both Appel-lee’s active efforts and passive appreciation. In addition, the court justified the award as a method of “equalizing the assets of the parties.” In making the award, the trial court was asked to determine and allocate the passive appreciation of the rental property. The question before us is whether the lower court erred in calculating Appellant’s premarital portion of the equity in the Old Dominion property.
Although the lower court’s factual findings with regard to the parties’ efforts are subject to an abuse of discretion review, the court’s calculation of passive appreciation is subject to a de novo review. Kaaa v. Kaaa, 58 So.3d 867, 869 (Fla.2010). The Florida Supreme Court laid out a five-step analysis in Kaaa for calculating the allocation of passive appreciation in value:
We note that the trial court’s task in this regard is an extremely fact-intensive one, and there are certain steps that each court must take. First, the court must determine the overall current fair market value of the home. Second, the court must determine whether there has been a passive appreciation in the home’s value. Third, the court must determine whether the passive appreciation is a marital asset under section 61.075(5)(a)(2). This step must include findings of fact by the trial court that marital funds were used to pay the mortgage and that the nonowner spouse made contributions to the property. Moreover, the trial court must determine to what extent the contributions of the nonowner spouse affected the appreciation of the property. Fourth, the trial court must determine the value of the passive appreciation that accrued during the marriage and is subject to equitable distribution. Fifth, after the court determines the value of the passive appreciation to be equitably distributed, the court’s next step is to determine how the value is allocated.
Id. at 872. The lower court’s failure to follow the analysis listed in Kaaa was error. The equity Appellant owned before the marriage entitles him to a nonmarital portion of any passive increase in value. The lower court could find that some portion of the increase in value is attributable to Appellee’s active efforts and not merely to passive appreciation. However, the lower court’s goal of “equalizing the assets of the parties” by increasing the size of the marital equity in the Old Dominion property is not permitted by law. Weymouth v. Weymouth, 87 So.3d 30, 36 (Fla. 4th DCA 2012). Therefore, the lower court erred when it calculated Appellant’s nonmarital portion of the appreciation on the Old Dominion property. Accordingly, we remand the award of 50% of the passive appreciation of the Old Dominion property for reconsideration by the trial court consistent with the Kaaa analysis.
Because the lower court erred when it calculated Appellant’s monthly rental income from the Old Dominion property, both parties’ investment income in the alimony determination, and the nonmarital portion of the appreciation on the Old Dominion property, we affirm in part, reverse in part, and remand the Amended Final Judgment for further proceedings.
*446 AFFIRMED IN PART, REVERSED IN PART, REMANDED with Instructions.
ORFINGER and BERGER, JJ., concur.

. In light of our ruling, and the resulting effect on the calculation of alimony, we do not find it necessary to address any of the other issues raised by Appellant on appeal.