PALMER, J.
Connie Beal (Ms. Beal) timely appeals the trial court’s final order on dissolution of marriage. Determining that the trial court erred in awarding alimony and attorney’s fees, we affirm in part, reverse in part, and remand for further proceedings.
Ms. Beal filed a petition seeking dissolution of her twelve-year marriage to Robert Beal. There were no children born of this marriage, so all of the issues tried below were financial.
Pursuant to the parties’ Partial Meditated Settlement Agreement, Mr. Beal received sole ownership of the marital residence; however, he agreed to refinance the residence and to give $4,000 of the proceeds to Ms. Beal. Because the parties could not reach an agreement regarding alimony or the payment of Ms. Beal’s attorney’s fees, the matter proceeded to trial.
Ms. Beal testified that she is totally disabled from a severe arthritic condition in her spine and, as a result of her condition, she is unable to work. She receives disability payments in the amount of $1,189 per month. Ms. Beal testified that a villa comparable to her marital home would cost approximately $850 per month. Ms. Beal’s counsel introduced into evidence the parties’ tax returns for 2007-2012. Those tax returns indicate that Mr. Beal’s adjusted gross income ranged from approximately $91,000 to over $101,000 between 2007 and 2011. Mr. Beal’s 2012 W-2 indicated that he earned $94,289.80. Nevertheless, Mr. Beal testified that his salary was only $72,000 per year. He explained that the discrepancy between his current salary and the pay listed on his W-2 and tax returns is due to a decrease in his travel expenses and overtime pay. Mr. Beal testified that he no longer travels for his job and that overtime pay is no longer available.
Upon conclusion of the evidence, the trial court drafted a final order, ruling as follows:
Mr. Beal shall pay Ms. Beal $300.00 per month in bridge-the-gap alimony for two years, beginning March 1, 2013 and ending February 1, 2015. Ms. Beal will have additional funds from the settlement agreement to help in establishing a new residence. In six years, she will have an additional $1450.00 per month from Mr. Beal’s pension.
As to attorney fees, Ms. Beal has paid her attorney $1600.00, but still owes an additional $2385.00 after trial. Ms. Beal has very limited income at this point, and Mr. Beal will have to help in those fees. He shall pay $1200.00 of her attorney fees, to be paid no less than $100.00 per month ... Ms. Beal will be responsible for the balance of the fee.
This appeal timely followed.
Although Ms. Beal raises a number of issues, we need to address only two. First, Ms. Beal argues that the trial court erred in awarding an amount of alimony which requires her to use her equitable distribution assets to pay for certain living expenses. We agree.
A trial court has considerable discretion in determining an award of alimony, and that determination is reviewed for an abuse of discretion. See, e.g., Marshall v. Marshall, 953 So.2d 23, 25-26 (Fla. 5th DCA 2007) (citing Canalcañs v. Canakans, 382 So.2d 1197 (Fla.1980)). However, whether a trial court applied the correct legal standard is a question of law reviewed de novo. Henderson v. Henderson, 905 So.2d 901, 903 (Fla. 2d DCA 2005).
*155 In its final order, the trial court acknowledged that Ms. Beal’s disability prevents her from working and that her disability payments are her sole source of income. In the very next sentence, the trial court found that “[Ms. Beal] will be receiving $4000 within the next six months to help establish a residence.” This $4,000 payment was a provision in the parties’ mediated equitable distribution agreement, which makes no reference as to how Ms. Beal should use these funds. Not only did the trial court expect Ms. Beal to deplete her assets to pay for living expenses, the trial court’s findings suggest that Ms. Beal’s equitable distribution assets played a significant role in determining the amount and type of alimony to award, since the amount of alimony awarded appears inadequate to cover her reasonable living expenses. Florida law has consistently held that, while equitable distribution can have an influence on alimony, a former spouse is not required to deplete her assets to provide for her living expenses. See, e.g., Wright v. Wright, 135 So.3d 1142, 1145 (Fla. 5th DCA 2014); Grill v. Grill, 123 So.3d 683, 684 (Fla. 2d DCA 2013); Weimer v. Weimer, 677 So.2d 86, 87 (Fla. 4th DCA 1996); see Blakistone v. Blakistone, 462 So.2d 883 (Fla. 2d DCA 1985); De Cenzo v. De Cenzo, 433 So.2d 1316 (Fla. 3d DCA 1983). Therefore, we reverse the trial court’s alimony award and remand to the trial court to reconsider Ms. Beal’s claim for alimony.
Second, Ms. Beal contends that the trial court erred in failing to award her the full amount of her attorney’s fees. She argues that, in light of the disparity in the parties’ respective financial positions, the trial court abused its discretion in failing to order Mr. Beal to pay the entire amount of her attorney’s fees. Because reconsideration of Ms. Beal’s alimony claim is necessary, on remand the trial court will need to revisit the issue of Ms. Beal’s attorney’s fees.
Accordingly, we affirm the final judgment of dissolution of marriage in part, but reverse and remand as it relates to alimony and attorney’s fees.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
ORFINGER and LAWSON, JJ., concur.