IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MAI NGUYEN, Wife,

      Appellant,

v.

HUONG KIM HUYNH,
Husband,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-4146

Opinion filed September 16, 2014.

An appeal from the Circuit Court for Duval County.
Linda F. McCallum, Judge.

Lester Makofka, Jacksonville, for Appellant.

Carin E. Maxey, of Maxey Law, P.A., Jacksonville, for Appellee.

PER CURIAM.

      Mai Nguyen, the former wife, appeals a supplemental final judgment of dissolution of marriage and asserts seven errors. We find merit only in her argument that the trial court erred in devising its equitable distribution scheme relating to rental income from marital properties. Accordingly, we reverse that

portion of the equitable distribution in the supplemental final judgment and remand for further proceedings.

The parties owned a number of residences that produced rental income during the marriage. In the supplemental final judgment, the trial court found that (1) from the October 24, 2003, filing date of the petition to dissolve the marriage until the parties' separation on July 1, 2009, the former wife received $257,652.00 in net rental income from the parties' marital assets; and (2) since the separation, the former wife had received $244,627.00 in total net rental income from the parties' marital assets. As to both amounts, the court determined that the former wife had fraudulently conveyed, transferred, and/or hidden this income that she solely received. In the equitable distribution, the court distributed the sum of these amounts ($502,279.00) to the former wife as proceeds from real property received by her.

The former wife asserts that the trial court erred in offsetting rental income received by her during the marriage against her portion of the equitable distribution of marital assets. In a contested dissolution action like this one, where the parties have not entered and filed a stipulation and agreement, "any distribution of marital assets or marital liabilities shall be supported by factual findings in the judgment or order based on competent substantial evidence . . . ." § 61.075(3), Fla. Stat. (2009). These findings must be sufficient "to advise the parties or the reviewing

2

court of the trial court's rationale for the distribution . . . ."  § 61.075(3)(d); <u>Jordan v. Jordan</u>, 127 So. 3d 794, 796 (Fla. 4th DCA 2013).

In allocating $502,279.00 in rental income assets to the former wife, the trial court did not cite any supporting evidence in the record or explain the basis for this substantial amount (or either of the two component amounts).  The record does not otherwise disclose the source or reliability of this amount.  These omissions render it impossible to conduct meaningful appellate review as to whether competent substantial evidence supports the determination that the former wife received and fraudulently conveyed, transferred, and/or hid $502,279.00 in proceeds from the rental properties.  <u>Furbee v. Barrow</u>, 45 So. 3d 22, 24 (Fla. 2d DCA 2010).

We therefore reverse the equitable distribution scheme in the supplemental final judgment and remand for the trial court to make additional findings of fact explaining the evidentiary source of the amount allocated to the former wife as rental income.  <u>Harrell v. Harrell</u>, 947 So. 2d 638, 639 (Fla. 4th DCA 2007).  The trial court may revisit any other related financial issue to the extent that it is affected by any changes in the equitable distribution plan.  <u>Santiago v. Santiago</u>, 51 So. 3d 637, 639 (Fla. 2d DCA 2011).

AFFIRMED in part, REVERSED in part, and REMANDED.

THOMAS, RAY, and OSTERHAUS, JJ., CONCUR.

3