IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MAI NGUYEN, FORMER
WIFE,

     Appellant,

v.

HUONG KIM NGUYEN,
FORMER HUSBAND,

     Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-4451

_____/

Opinion filed August 11, 2016.

An appeal from the Circuit Court for Duval County.
Linda F. McCallum, Judge.

Beth M. Terry, Law Office of Beth M. Terry, P.A., Jacksonville, for Appellant.

Carin E. Maxey, Maxey Law, P.A., Jacksonville, for Appellee.

PER CURIAM.

     Mai Nguyen, the Former Wife, appeals the trial court's Order on Remand and

raises five issues.  We find merit only in her argument that the trial court erred in its

allocation of rental income in devising the equitable distribution scheme and, for the

reasons that follow, reverse that portion of the equitable distribution and remand for further proceedings; we otherwise affirm without discussion.

## Background

The Former Wife and Huong Kim Nguyen, the Former Husband, married in 1991. The Former Husband filed a petition for dissolution of marriage in October 2003, but the parties subsequently reconciled and the case was voluntarily dismissed. The parties' final separation occurred in July 2009, and the trial was held in March 2013. The real properties at issue were located at 11322 Reed Island Drive, Jacksonville, FL; 328 SW 5th Avenue, Gainesville, FL; 4415 SW 34th Street, #602, Gainesville, FL; 4415 SW 34th Street, #202, Gainesville, FL; 6632 Merrill Road, Jacksonville, FL; 6345 Redwood Oak Drive, Orlando, FL; and 1851 Aston Hall Drive East, Jacksonville, FL.

In July 2013, the trial court entered a Supplemental Final Judgment of Dissolution of Marriage, in which it found in part as follows:

> The Former Wife received $244,627.00 in total net monthly rental income from the parties' marital assets (real property) of which she has continued to attempt to and has fraudulently conveyed, transferred and/or hid since the parties' date of separation of July 1, 2009. The Former Wife additionally received $257,652.00 in net rental income from the parties' marital assets of which she has continued to attempt to and has fraudulently conveyed, transferred and/or hid since the parties' date of filing of October 24, 2003 until the date of separation of July 1, 2009. This makes a total of $502,279.00 in rental income from the parties' marital assets of which the Former Wife has solely received, conveyed, transferred and/or hid.

2

(Emphasis omitted.) In its equitable distribution scheme, the trial court distributed the real properties and any corresponding mortgages and allocated $502,279 in rental income to the Former Wife. This Court reversed the equitable distribution scheme in the supplemental final judgment and remanded for the trial court to make findings of fact explaining the evidentiary source of the amount of rental income allocated to the Former Wife. Nguyen v. Huong Kim Huynh, 147 So. 3d 639, 639-40 (Fla. 1st DCA 2014).

The trial court in turn entered an Order on Remand, wherein it found that the Former Wife "received $298,690.00 in net rental income from the parties' marital assets, of which she has hid since the parties' date of filing in October 2003 until the date of separation in July 2009," "received an additional $243,452.00 in net rental income from the parties' marital assets, of which she has hid since the parties' date of separation in July 2009," and "has solely received, transferred, conveyed, and/or hid $542,142.00 in total rental income from the parties' marital assets." With regard to the Redwood Oak Drive property, the trial court found that the Former Wife received $71,700 in rental income from July 2003 to July 2009 and $48,662 from August 2009 to March 2013, with $950 per month from July 2003 to August 2005, $1,000 per month from September 2005 to December 2009, and $1,149 per month from August 2009 to March 2013. Regarding the 5th Avenue property, the trial court found that the Former Wife received $36,100 in rental income from June 2006

3

to July 2009 and $40,850 from August 2009 to March 2013, with $950 per month. Concerning the 34th Street #202 property, the trial court found that the Former Wife received $12,000 in rental income from August 2003 to December 2004 and $32,250 from August 2009 to March 2013, with $750 per month. With regard to the 34th Street #602 property, the trial court found that the Former Wife received $53,290 from 2003 to 2009 and $34,440 from August 2009 to March 2013, with $800 per month from August 2003 to March 2013, with the exception of July 2006 to July 2007, when she earned $530 per month. As for the Merrill Road property, the trial court found that the Former Wife received $45,600 in rental income from June 2006 to July 2009 and $40,850 from August 2009 to March 2013, with $1,200 per month. Lastly, regarding the Aston Hall Drive property, the trial court found that the Former Wife received $84,000 in rental income from October 2003 to July 2009 and $46,440 since 2009, with $1,200 per month from October 2003 to July 2009 and $1,080 per month since 2009. The trial court made certain findings of fact as to the real properties and the incomes they generated, found that the Former Wife was the sole beneficiary of all the rental income and the Former Husband did not obtain any of the $542,142 she received since 2003, and rendered findings of fact in support of its conclusion that the Former Wife acted with actual intent to defraud the Former Husband in relation to the real properties. The trial court adopted and incorporated by reference the equitable distribution scheme set forth in the supplemental final

judgment and attached as Exhibit A a spreadsheet showing the monthly rental income for each of the six properties and the total rental income figures. This appeal followed.

**Analysis**

A trial court's ruling on equitable distribution is reviewed for an abuse of discretion, Stough v. Stough, 18 So. 3d 601, 604 (Fla. 1st DCA 2009), and an appellate court must determine whether the trial court's order is supported by competent, substantial evidence. Hodge v. Hodge, 129 So. 3d 441, 443 (Fla. 5th DCA 2013); see also § 61.075(3), Fla. Stat. (2009) ("In any contested dissolution action wherein a stipulation and agreement has not been entered and filed, any distribution of marital assets or marital liabilities shall be supported by factual findings in the judgment or order based on competent substantial evidence . . . . The distribution . . . shall include specific written findings of fact as to the following: . . . (d) Any other findings necessary to advise the parties or the reviewing court of the trial court's rationale for the distribution of marital assets and allocation of liabilities."). A trial court errs in attributing gross rental income to a party when evidence of expenses is present. Betancourt v. Betancourt, 50 So. 3d 768, 769 (Fla. 2d DCA 2010) (reversing an alimony award where the trial court failed to consider the evidence of expenses and attributed the gross rental income to the appellant); see also Hodge, 129 So. 3d at 443.

5

In the case before us, the trial court referred to its figures as representing "net rental income," yet it failed to account for the record evidence of expenses associated with the properties, which included mortgage payments. Indeed, the trial court made no reference to, or findings of fact concerning, expenses. Given such, we reverse the equitable distribution scheme as it relates to the allocation of rental income.

As the Former Wife argues, the trial court made a number of additional errors regarding its allocation of rental income. For one, the trial court did not explain and the record does not disclose why it attributed 100%, as opposed to 50%, of the rental income from the marital properties to the Former Wife.

Additionally, with regard to the 2003-2009 period, the order and Exhibit A thereto reveal that the trial court accounted for rent received in the months that preceded the October 2003 filing of the action, yet its final figure purports to represent the rental income the Former Wife received between October 2003 and July 2009, and it failed to provide an explanation for the inclusion of those months. Further, the rental income figures in the body of the order do not add up to the allocated amount of $298,690 [$71,700 for Redwood Oak Drive + $36,100 for 5th Avenue + $12,000 for 34th Street #202 + $53,290 for 34th Street #602 + $45,600 for Merrill Road + $84,000 for Aston Hall Drive = $302,690]. Notably, Exhibit A lists the income for 34th Street #602 as $49,290—not as $53,290 like the body of the order—, which does lead to a total of $298,690. That $298,690 figure also differs

6

from the $257,652 figure in the supplemental final judgment, whose equitable distribution scheme the trial court adopted. Moreover, regarding the 34th Street #602 property, the trial court's $53,290 figure for August 2003 through July 2009 is erroneous [$28,000 from August 2003 to June 2006 at $800 per month + $6,890 from July 2006 to July 2007 at $530 per month + $19,200 from August 2007 to July 2009 at $800 per month = $54,090].

Furthermore, concerning the 2009-2013 period, Exhibit A reflects that the trial court doubled the rental income for each property for March 2013, but the court provided no explanation and the record reveals no reason for doing so. With regard to the Redwood Oak Drive property, the trial court found in the order that the property was rented for $1,149 per month from August 2009 to March 2013, while Exhibit A indicated a monthly rent of $1,000 for 2009. Also, the trial court's $48,662 figure for this time period is mathematically incorrect [44 months x $1,149 per month = $50,556]. Additionally, we find that the $1,149 monthly figure is not supported by competent, substantial evidence as the only record evidence of that figure is found in a narrative question the Former Husband's attorney posed to the Former Wife. As for the Merrill Road property, the trial court's allocation of $40,850 in rent from August 2009 to March 2013, at $1,200 per month, was also mathematically incorrect [44 months x $1,200 per month = $52,800], and the $1,200 monthly rental figure contained in the order is inconsistent with the $950 monthly

figure in Exhibit A. We also find that the $1,200 figure is not supported by competent, substantial evidence because although the Former Husband testified the property was rented for $1,200 per month according to checks he saw, he did not indicate the dates of the checks and the rental agreement that was admitted into evidence showed the property was rented for $750 per month starting in December 2009. Lastly, we find that the trial court's allocation of rental income for the Aston Hall Drive property for the 2009-2013 period is not supported by competent, substantial evidence in light of the undisputed testimony that the Former Wife was residing at that property from the end of 2009 and the lack of evidence showing that it was rented out thereafter.

**Conclusion**

For the foregoing reasons, we reverse the equitable distribution scheme relating to rental income in the Order on Remand and remand for further proceedings consistent with this opinion. The trial court may revisit any related financial issue to the extent it is affected by any changes in the equitable distribution plan.

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.

LEWIS, WETHERELL, and RAY, JJ., CONCUR.

8