IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DONALD  R. HODGE,

      Appellant,

 v.

ANN B. HODGE,

      Appellee.

_____/

Case No.  5D16-40

Opinion filed October 20, 2017

Appeal from the Circuit Court
for Brevard County,
Charles J. Roberts, Judge.

Julie Glocker Pierce, Indialantic, for
Appellant.

Elizabeth Siano Harris, of Widerman Malek,
PL, Melbourne, for Appellee.


LAMBERT, J.

The parties appear a second time before this court regarding the dissolution of

their long-term marriage.  In *Hodge v. Hodge*, 129 So. 3d 441 (Fla. 5th DCA 2013), we

reversed  the part of the amended final judgment of dissolution of marriage that awarded

Former Wife $2500 per month in permanent periodic alimony and one-half of the total

passive appreciation in certain real property (the "Old Dominion" property) that Former

Husband owned at the time of the marriage.  We concluded that the trial court erred when

calculating the parties' respective incomes for alimony purposes by failing to deduct the ordinary and reasonable expenses from the monthly rental income generated by the Old Dominion property and by not including any investment income to Former Wife attributable to the assets awarded to her in the equitable distribution scheme. 129 So. 3d at 444. We also determined that the court erred in its application of *Kaaa v. Kaaa*, 58 So. 3d 867, 869 (Fla. 2010), in calculating Former Husband's nonmarital portion of the appreciation of the Old Dominion property. Thus, we remanded the case back to the trial court for further proceedings. *Hodge*, 129 So. 3d at 445.

The court on remand held an evidentiary hearing and thereafter rendered the final judgment on appeal. The court, among other things, awarded Former Wife the same $2500 per month in permanent periodic alimony as well as one-half of the passive appreciation of the Old Dominion property. Former Husband appeals and, as we explain below, we again reverse on these two issues. We affirm without further discussion the remaining claims raised by Former Husband.

Former Husband argues that the trial court failed to properly apply the five-step analysis in *Kaaa* in calculating his nonmarital portion of the passive appreciation of the Old Dominion property. In *Kaaa*, the court held that the calculation of passive appreciation of nonmarital property and its equitable distribution is a fact-specific inquiry that requires a determination of: (1) the current fair market value of the home; (2) whether there was passive appreciation in the home's value; (3) whether the passive appreciation is a marital asset; (4) the value of the passive appreciation that accrued during the marriage, subject to equitable distribution; and (5) how the value is allocated. 58 So. 3d at 872. Former Husband asserts, and Former Wife concedes, that a correct application

2

of *Kaaa* to the Old Dominion property results in Former Wife's interest in the property being $73,645.[1] We agree. On remand, the trial court shall enter an amended judgment directing Former Husband to immediately pay Former Wife $73,645 for the equitable distribution of her interest in the Old Dominion property.[2]

Former Husband also contends that the trial court erred in both awarding and thereafter calculating permanent periodic alimony. Former Husband's primary argument is not that he lacks the ability to pay alimony or that permanent periodic alimony is otherwise inappropriate,[3] but rather, he argues that Former Wife failed to establish her need for the alimony. *See* § 61.08(2), Fla. Stat. (2014) ("In determining whether to award alimony or maintenance, the court shall first make a specific factual determination as to whether either party has an actual need for alimony or maintenance and whether either party has the ability to pay alimony or maintenance.").

"The primary factors for a court to consider when awarding alimony are the requesting spouse's need and the other spouse's ability to pay." *Berger v. Berger*, 201

---

[1] Former Husband's counsel conceded at oral argument that there was a mathematical error in his initial brief and that the value of Former Wife's interest in the Old Dominion property is $73,645.

[2] At oral argument, Former Husband's counsel represented that upon remand, Former Husband would promptly pay the $73,645 to Former Wife for her interest in the Old Dominion property. Case law supports the proposition that counsel's representations during oral argument are binding. *See, e.g., Renfroe v. Renfroe*, 326 So. 2d 211, 211 (Fla. 4th DCA 1976) ("On oral argument before the court, counsel for the respective parties stipulated that such payments were to be made weekly. Accordingly[,] the final judgment is modified to that effect."). As such, Former Husband's claim on appeal that the trial court erred in requiring that he evenly split with Former Wife one-half of the net rental income from the Old Dominion property has been rendered moot.

[3] Both parties are over seventy years old and retired, and they were married to each other for thirty years.

3

So. 3d 819, 823 (Fla. 4th DCA 2016) (quoting *Sherlock v. Sherlock*, 199 So. 3d 1039, 1043 (Fla. 4th DCA 2016)).  In awarding alimony, the trial court is required to consider "[t]he financial resources of each party, including the nonmarital and the marital assets and liabilities distributed to each."  § 61.08(2)(d), Fla. Stat. (2014).  While a spouse is not required to deplete his or her capital assets in order to maintain the standard of living during the marriage*, Beal v. Beal*, 146 So. 3d 153, 155 (Fla. 5th DCA 2014), a court in its computation of alimony should impute income that could reasonably be projected on a former spouse's liquid assets.  *Rosecan v. Springer*, 985 So. 2d 607, 609 (Fla. 4th DCA 2008) (citing *Greenberg v. Greenberg*, 793 So. 2d 52, 55 (Fla. 4th DCA 2001)).  Here, the parties stipulated to a six percent return on their investment assets.

In awarding Former Wife $2500 per month alimony, on remand, the trial court found that Former Husband's monthly net income is $7624.08 and Former Wife's is $1586.24.  Former Husband disputes both figures, arguing that his monthly net income, including investment income, is $7103.62 and that Former Wife's net income is far greater than $1586.24 per month.  In its final judgment, the court found that Former Wife's retirement investment assets will total $349,893.84 upon payment of the equitable distribution from Former Husband as ordered.  Applying the stipulated six percent return on Former Wife's investment assets computes to just under $1750 per month income to Former Wife.  Additionally, Former Wife receives slightly more than $1000 per month in social security income.  Former Wife's financial affidavit admitted into evidence showed her living expenses to be approximately $4000 per month.[4]  As it appears that the trial

---

[4] Former Husband also contends that Former Wife's monthly expenses are much less than $4000 because of mathematical errors that Former Husband states are apparent in the financial affidavit.

4

court may have significantly understated Former Wife's monthly income, and further, because Former Wife's investment assets will increase by $73,645 upon Former Husband's payment to her on remand for her interest in the Old Dominion property (and Former Husband's monthly income will increase by retaining all of the net rental income from this property), we conclude that the trial court's $2500 award needs to be revisited. We therefore reverse the trial court's findings with regard to the calculation of both parties' respective incomes and remand for a determination of Former Wife's need for permanent periodic alimony and, if established, the amount.

AFFIRMED in part; REVERSED in part, and REMANDED.

ORFINGER and EISNAUGLE, JJ., concur.