# First District Court of Appeal
## State of Florida

_____

No. 1D18-1098
_____

REBECCA M. GAY,

Appellant,

v.

CHRISTOPHER M. GAY,

Appellee.

_____

On appeal from the Circuit Court for Santa Rosa County.
Marci L. Goodman, Judge.

December 31, 2018

PER CURIAM.

Rebecca M. Gay appeals a final judgment of marriage dissolution's imputation of income, which affected the child support calculations. The lower court imputed two thousand dollars of monthly income to Ms. Gay without finding that her unemployment was voluntary. We reverse.

Our standard for reviewing decisions imputing income under section 61.30(2)(b), Florida Statutes, is whether the trial court's decision is supported by competent, substantial evidence. *Leonard v. Leonard*, 971 So. 2d 263, 266 (Fla. 1st DCA 2008). According to the statute, monthly income can be imputed to an unemployed parent only if such unemployment "is found . . . to be voluntary." § 61.30(2)(b), Fla. Stat. (2017). *See, e.g.*, *Marlowe v. Marlowe*, 123

So. 3d 1194, 1195–96 (Fla. 1st DCA 2013) (reversing where the trial court failed to "provide any factual basis for its conclusion that the former wife was voluntarily underemployed"). Here, the judgment imputes income to Ms. Gay without a finding that she was voluntarily unemployed. The trial court's order noted that Ms. Gay had been dismissed from prior employment in 2010 due to work performance issues and refusing to take a drug test. It did not find, however, that this termination was voluntary. The order also noted that Ms. Gay was employed more recently by family members. This work also came to an end, but again there was no indication that this work ended voluntarily. Other record evidence indicates that Ms. Gay was applying for jobs on a weekly basis and intended to take classes and become registered to work as an echocardiogram and ultrasound technician. On this record, and without key findings supporting the imputation of income, we must reverse and remand for reconsideration of the decision to impute income and of the child support calculation.

REVERSED and REMANDED.

ROWE, OSTERHAUS, and KELSEY, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Kim Anthony Skievaski of Kim Anthony Skievaski, P.A., Pensacola, for Appellant.

Christopher M. Gay, pro se, Appellee.

2